TUCKER ELLIS LLP
LANCE WILSON SBN 183852
Lance.wilson@tuckerellis.com
NICOLE E. GAGE SBN 208658
nicole.gage@tuckerellis.com
One Market Plaza
Steuart Tower, Suite 700
San Francisco, CA 94105
Telephone:   415.617.2400
Facsimile:   415.617.2409

Attorneys for Defendant
COPES VULCAN, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS H. TOY, SR. and AGNES TOY, | Case No. |
| Plaintiffs, | **COPES VULCAN, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1442(A)(1) (GOVERNMENT CONTRACTOR IMMUNITY-ACTING UNDER DIRECTION OF FEDERAL OFFICERS)** |
| v. | |
| HONEYWELL INTERNATIONAL INC., f/k/a ALLIED-PRODUCTS LIABILITY SIGNAL, INC., sued as successor-in-interest to BENDIX CORPORATION; AIR & LIQUID SYSTEMS CORPORATION, individually and as successor-in- interest to BUFFALO PUMPS, INC.; ALFA LAVAL INC.; ARMSTRONG INTERNATIONAL, INC.; AURORA PUMP COMPANY; BLACKMER PUMP COMPANY; BORG WARNER MORSE TEC LLC, as successor-by- merger to BORG-WARNER CORPORATION; BW/IP, INC., individually and as successor-in-interest to BYRON JACKSON PUMPS; CARRIER CORPORATION; CBS CORPORATION, a Delaware corporation, f/k/a VIACOM, INC., successor-by-merger to CBS CORPORATION, a Pennsylvania corporation, f/k/a WESTINGHOUSE ELECTRIC CORPORATION and also as successor-in-interest to B. F. STURTEVANT COMPANY; CLA-VAL CO.; COPES-VULCAN, INC.; DEZURIK, INC., individually and successor-in-interest to COPES-VULCAN, INC.; CRANE CO.; DANA COMPANIES, LLC; FLOWSERVE US, INC.; FORD MOTOR COMPANY; FRYER-KNOWLES, INC.; GENERAL ELECTRIC COMPANY; GENUINE PARTS COMPANY, d/b/a RAYLOC, a/k/a NAPA; THE GOODYEAR | |

TIRE & RUBBER COMPANY; GRINNELL LLC. d/b/a GRINNELLCORPORATION; HENNESSY INDUSTRIES, LLC. f/k/a HENNESSY INDUSTRIES, INC.; HILL BROTHERS CHEMICAL COMPANY; IMO INDUSTRIES INC.; INGERSOLL-RAND COMPANY; ITT LLC, f/k/a ITT CORPORATION. ITT INDUSTRIES INC., ITT FLUID PRODUCTS CORP., HOFFMA.N SPECIALTY MFG. CORP., BELL and GOSSETT COMPANY and ITT MARLOW; M. SLAYEN AND ASSOCIATES, INC.; METALCLAD INSULATION LLC, f/k/a METALC LAD INSULATION CORPORATION, individually and as successor-in-interest to METALCLAD INSULATION COMPANY, [NC.; METROPOLITAN LIFE INSURANCE COMPANY, a wholly-owned subsidiary of METLIFE INC.; NATIONAL AUTOMOTIVE PARTS ASSOCIATION. a/k/a NAPA; PARKER-HANN - IFIN CORPORATION; PNEUMO ABEX, LLC, successor-in-interest to ABEX CORPORATION; SB DECKING, INC.; SMOTHERS PARTS INTERNATIONAL, INC., d/b/a SMOTHERS AUTO PARTS & PERFORMANCE ACCESSORIES; STANDARD MOTOR PRODUCTS, INC., individually and as successor-in-interest to EIS AUTOMOTIVE; THOMAS DE:E ENGINEERING CO., INC.; VELAN VALVE CORP.; WAD CORP, f/k/a ME DIAL CORPORATION, individually and as successor to GRISCOM-RUSSELL COMPANY; VIKING PUMP, INC.; WARREN PUMPS LLC; WEIR VALVES & CONTROLS USA, INC., individually and as successor-in-interest to ATWOOD & MO.RRILL CO., INC.; WESTERN AUTO SUPPLY COMPANY, a wholly-owned subsidiary of ADVANCE AUTO PARTS INC.; THE WILLIAM POWELL COMPANY; and FIRST DOE through SIX-HUNDRED DOE, INCLUSIVE,

          Defendants.

**TO THE HONORABLE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

      COPES VULCAN, INC. ("COPES") hereby gives notice of removal of the above-entitled action from the Superior Court of the State of California for the County of Alameda, to the United

2

States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446.

**Preliminary Matters**

1. On or about December 14, 2018, Thomas H. Toy and Agnes Toy filed a Complaint in this action entitled THOMAS H. TOY AND AGNES TOY V. HONEYWELL INTERNATIONAL, INC., ET AL., Case No. RG18932350, against adverse party COPES, in the Superior Court of the State of California for the County of Alameda. A true and correct copy of the Complaint, and all state court pleadings, is attached hereto as **Exhibit A**.

2. On January 16, 2019, Copes filed its answer to the Complaint in the Superior Court of the State of California for the County of Alameda, a conformed copy of which is attached hereto as **Exhibit B**.

3. Plaintiff Thomas H. Toy and Agnes Toy, allege in the Complaint that Thomas H. Toy contracted an asbestos-related injury as a result of exposure to asbestos and asbestos-containing products, including products manufactured by COPES, during his civil service employment for the US Government at various naval shipyards between 1962 and 1980. COPES first ascertained the removability of this action when it was served with the Summons and Complaint alleging that Thomas H. Toy's exposure to asbestos from equipment allegedly supplied by COPES to the U.S. Navy.

4. This case is removable based on federal officer jurisdiction under 28 U.S.C., § 1442(a)(1). Plaintiffs Thomas H. Toy and Agnes Toy allegations against COPES is based on his alleged exposure to equipment supplied to the U.S. Navy; products that would have been designed and manufactured in accordance with specifications provided by the U.S. Government, and designed and built under the direction and control of the U.S. Government and its officers.

5. This Notice of Removal is timely. "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claims for relief upon which such action or proceeding is based, …[.]" 28 U.S.C. § 1446(b). The removability of this case was ascertained for the first time on

December 20, 2018, when COPES received service by process server of the Complaint. As this Notice of Removal is being filed within 30 days of December 20, 2018, it is timely under 28 U.S.C. § 1446(b).

### Nature of the Complaint

6. This Complaint is based on Plaintiffs allegation that Thomas H. Toy contracted an asbestos-related injury or disease as a result of his exposure to asbestos dust and/or fibers.

7. Plaintiffs assert claims against COPES for negligence, breach of implied warranty, strict liability, fraud & concealment, and loss of consortium.

### Jurisdiction, Venue and Intradistrict Assignment

8. Jurisdiction is based on 28 U.S.C. §§ 1331 and 1442(a)(1) as set forth below under Grounds for Removal.

9. Venue is proper in the Northern District of California because the state court Complaint, which is subject to this removal, was filed in the Superior Court of California for the County of Alameda.

10. Section 1442(a) authorizes such a removal without the consent of any other putative defendant. *See Ely Valley Mines, Inc. v. Hartford Acc. & Indem. Co.*, 644 F.2d 1310, 1314-1315 (9th Cir. 1981) ("federal officer…can remove without other defendants joining the Complaint, and the entire case is removed to the federal court").

### Grounds for Removal

11. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331, and is removable to this Court by COPES pursuant to 28 U.S.C. § 1442(a)(1) in that Complaint's allegations relate to substantial question of federal law. "Federal officers, and their agents, may remove cases based on acts performed under the color of their federal office if they assert a colorable defense." *Durham v. Lockheed Martin Corp.* 445 F.3d 1247, 1251 (9th Cir. 2006). *See also Magnin v. Teledyne Continental Motors*, 91 F.3d 1424, 1429 (11th Cir. 1996). "(T)he Supreme Court has mandated a generous interpretation of the federal officer removal statute . . ." and there is a "clear command from both Congress and the Supreme Court that when federal officers and their agents are seeking a federal

forum, we are to interpret section 1442 broadly in favor of removal." *Durham*, 445 F.3d at 1252. *See also Jefferson County, Alabama v. Acker*, 527 U.S. 423, 431 (1999) (noting that the Supreme Court has "rejected a 'narrow, grudging interpretation' of the [federal officer removal] statute").

12. COPES was at all relevant times a "person" within the meaning of 28 U.S.C. § 1442(a)(1). *Fung v. Abex Corp.*, 816 F.Supp. 569, 572 (N.D.Cal. 1992) (finding that a corporate defendant was a "person").

13. Should Plaintiffs file a motion to remand this case, COPES respectfully request an opportunity to respond more fully in writing and provide additional evidence and/or declarations in support of removal, but offers the following authorities at this time:

14. Removal under 28 U.S.C. § 1442(a)(1) is appropriate where the moving party can (1) demonstrate that it acted under the direction of a federal officer, (2) raise a colorable federal defense to Complaint's claims, and (3) demonstrate a causal nexus between plaintiffs' claims and the acts it performed under color of federal office. *See Mesa v. California*, 489 U.S. 121, 124-25, 129-31, 134-35 (1989); *Fung v. Abex Corp.*, 816 F.Supp. 569 (N.D.Cal. 1992); *Machnik v. Buffalo Pumps, Inc.*, 506 F.Supp.2d 99, 102 (D.Conn. 2007). As shown below, COPES has satisfied the three *Mesa* requirements and is entitled to the federal officer removal under § 1442(a)(1).

15. Plaintiffs claim Thomas H. Toy was exposed to asbestos from soot blowers and valves aboard U.S. Naval vessels. (Complaint, page 9, lines 7-8.) Any steam system related equipment designed, manufactured, or supplied for the U.S. Navy, for which COPES is allegedly responsible, would have been designed, manufactured, or supplied under the direction of an officer of the United States within the meaning of 28 U.S.C., § 1442(a)(1).

16. Any steam system related equipment, including soot blowers and valves, supplied to the U.S. Navy would have been made under the direction of federal agents pursuant to precise Navy specifications or Military Specifications (MilSpecs). Before a manufacturer received authorization to manufacture or supply equipment such as a soot blower for/to the U.S. Navy, all of the drawings, plans, technical manuals and other design documentation first had to be inspected and approved by the U.S.

1  Navy. The Navy frequently required changes in design, materials and documentation before approving
2  the design and authorizing the manufacture of the machinery.

3      17.    The material composition of steam system components was also subject to precise
4  specifications and standards. Where the specifications or standards permitted the manufacturer to
5  choose between two or more types of materials, the contractor's choice was subject to specific Navy
6  review and approval. To the extent that any steam system related equipment supplied to the U.S. Navy
7  for installation on a ship contained asbestos, it would have been specifically required or approved by the
8  Navy.

9      18.    United States Naval Machinery Inspectors were stationed on site at manufacturing
10 facilities to inspect and test the steam system related equipment during each phase of the manufacturing
11 process. If any material, feature, or component of the equipment failed to comply with Navy
12 specifications, it would have been rejected. Thus, if a steam system related equipment is on board a
13 U.S. Naval vessel, it necessarily complied with all of the precise military specifications and standards,
14 including the specification of the precise material composition of component parts, including any that
15 may have contained asbestos.

16     19.    COPES asserts a colorable federal defense to Plaintiffs' claims, which are affirmatively
17 barred by government contractor immunity as stated by the U.S. Supreme Court in *Boyle v. United*
18 *Technologies Corp.*, 487 U.S. 500, 108 S.Ct. 2510 (1988), and by the Ninth Circuit Court of Appeals in
19 *McKay v. Rockwell International Corp.*, 704 F.2d 444 (9th Cir. 1983). Under *Boyle*, equipment
20 manufacturers, such as COPES, cannot be held liable under state law for injuries caused by equipment
21 built for the U.S. government when: (1) the U.S. government approved reasonably precise
22 specifications; (2) the equipment conformed to these specifications; and (3) the equipment supplier
23 warns the military about any hazards involved in the use of the equipment that are <u>known to the
24 equipment supplier but not known to the military</u>. *See Boyle, supra*, 487 U.S. 500 at 512; *McKay,*
25 *supra,* 704 F.2d. 444 at 451; *Sundstrom, supra,* 816 F.Supp. 587 at 596-97.

26     20.    COPES has satisfied all three prongs of *Boyle*. To the extent Plaintiffs' claims against
27 COPES are based on steam system valves, soot blowers and related equipment used on board the U.S.
28

COPES VULCAN, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1442(a)(1) (GOVERNMENT
CONTRACTOR IMMUNITY-ACTING UNDER DIRECTION OF FEDERAL OFFICERS)
013027\000114\525005.1

Navy vessels identified in the Complaint, (1) such components were designed and manufactured pursuant to precise specifications provided and approved by the U.S. government and/or the U.S. Navy, (2) the components and equipment conformed to those specifications, and (3) the U.S. Navy and, one of the world's leaders in industrial hygiene concerns, would have possessed information superior to that of COPES concerning issues of industrial hygiene and asbestos medicine, including the potential hazards involved with use of asbestos-containing components or materials associated with steam system valve equipment or other Naval equipment. Thus, COPES would not have had knowledge of any hazards associated with the use of the equipment which was not already known to the U.S. government. COPES has demonstrated more than a colorable federal defense to this state action under government contractor immunity. *See Boyle, supra,* 487 U.S. at 512; *Sundstrom v. McDonnell Douglas Corp.*, 816 F.Supp. 587 (N.D. Cal. 1993); *Fung v. Abex Corp.*, 816 F.Supp. 569 (N.D. Cal. 1992); *Pack v. AC and S, Inc.* 838 F. Supp. 1099 (D. Md. 1993); *Crocker v. Borden* 852 F.Supp. 1322 (E.D. La. 1994); *Arness v. Boeing North American, Inc.*, 997 F.Supp. 1268 (C.D. Cal. 1998).

21. A causal nexus exists between Plaintiffs' claims and the acts allegedly performed by COPES under the direction of federal officers. Plaintiffs' claims against COPES arise out of Thomas H. Toy's alleged work on and around soot blowers and valves on board U.S. Navy for which COPES is allegedly responsible. Any steam system valves and related equipment provided for use in those vessels would have been designed and manufactured pursuant to precise federal regulations and/or military specifications, and built under the detailed and direct control of federal officers. The conduct attributable to COPES is inseparable from the government specifications, regulations, and oversight, and a clear causal nexus exists between Plaintiffs' claims and the acts performed under color of federal office. *See Boyle v. United Technologies Corp.*, 487 U.S. 500, 108 S.Ct. 2510 (1988); *Sundstrom v. McDonnell Douglas Corp.*, 816 F.Supp. 587 (N.D. Cal. 1993); *Fung v. Abex Corp.*, 816 F.Supp. 569 (N.D. Cal. 1992); *Pack v. AC and S, Inc.* 838 F. Supp. 1099 (D. Md. 1993); *Crocker v. Borden* 852 F.Supp. 1322 (E.D. La. 1994); *Arness v. Boeing North American, Inc.*, 997 F.Supp. 1268 (C.D. Cal. 1998).

22. The existence of a single removable claim allows removal of the entire action. 28 U.S.C. § 1441(c). *National Audubon Society v. Dept. of Water*, 496 F.Supp. 499, 509 (E.D. Cal. 1980).

23. Notice of this removal has been filed with the state court and provided to all adverse parties pursuant to 28 U.S.C. § 1446(d).

24. This removal is based upon this Notice of Removal to the United States District Court, the Certificate of Service of Notice to Adverse Party of Removal, and the Notice to Adverse Party of Removal filed in the state court filed herewith, the complete file in the state court case, and any other matters which the court deems applicable.

WHEREFORE, COPES prays that this action be removed from the Superior Court of the State of California for the County of Alameda to the United States District Court for the Northern District of California.

DATED: January 18, 2019

TUCKER ELLIS LLP

By: _____
Lance Wilson
Nicole E. Gage
Attorneys for Defendant
COPES VULCAN, INC.

COPES VULCAN, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1442(a)(1) (GOVERNMENT CONTRACTOR IMMUNITY-ACTING UNDER DIRECTION OF FEDERAL OFFICERS)

013027\000114\525005.1


## CERTIFICATE OF SERVICE

I, Debbie Estebanez, certify and declare as follows: I am over the age of 18 years and not a party to this action. I am employed by the law firm Tucker Ellis LLP, and my business address is One Market Plaza, Steuart Tower, Suite 700, San Francisco, California 94105, which is located in the city, county and state where the service described below took place. My email address is debbie.estebanez@tuckerellis.com.

On January 18, 2019, I served on all interested parties in this action a copy of the following document(s):
**COPES VULCAN, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1442(A)(1) (GOVERNMENT CONTRACTOR IMMUNITY-ACTING UNDER DIRECTION OF FEDERAL OFFICERS)**

[ X ]   **VIA ECF:**  by electronically serving the documents described above via United States District Court Electronic Case Filing website (CM/ECF notification system) on the recipients designated on the electronic service list that is located on the PACER website.

[ X ]   **FEDERAL**: I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 18, 2019, at San Francisco, California.



Debbie Estebanez