UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS H. TOY, et al., <br> Plaintiffs, <br> v. <br> HONEYWELL INTERNATIONAL INC., et al., <br> Defendants. | Case No. 19-cv-00325-HSG <br><br> **ORDER GRANTING MOTION TO DISMISS** <br><br> Re: Dkt. No. 50 |

Plaintiffs Thomas H. Toy, Sr. and Agnes Toy initially filed this asbestos lawsuit in Alameda County Superior Court on December 14, 2018, naming 45 Defendants. *See* Dkt. No. 1-1 (state court complaint). Three Defendants removed the case to this Court, where it was later consolidated into one action. *See* Dkt. No. 153.

On February 6, 2019, Defendant National Automotive Parts Association ("NAPA") moved, under Federal Rule of Civil Procedure 12(b)(2), to dismiss the complaint against it for lack of personal jurisdiction. *See* Dkt. No. 50 ("Mot."). After NAPA filed its motion, Plaintiffs filed a first amended complaint in this Court on February 11, naming 43 Defendants. *See* Dkt. No. 76 ("FAC"). Plaintiffs responded on February 20, in an opposition relying on the FAC. *See* Dkt. No. 90 ("Opp."). NAPA replied on February 27, also relying on allegations in the FAC. *See* Dkt. No. 110 ("Reply").[1] For the following reasons, the Court **GRANTS** the motion to dismiss for lack of personal jurisdiction.[2]

---

[1] Though NAPA moved to dismiss before Plaintiffs filed their first amended complaint, the Court will consider the motion as it applies to Plaintiffs' allegations in the FAC, as Plaintiffs did in their Opposition and NAPA in its Reply.

[2] The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).

## I. BACKGROUND

### A. Plaintiffs' Allegations

Thomas H. Toy, Sr. "was exposed to asbestos during the course of his life," which led to him developing malignant mesothelioma. *See* FAC ¶¶ 5–6. Mr. Toy identifies the following sources of asbestos exposure:

- 1953 to 1962: service in the United States Army. *Id.* ¶ 5. Mr. Toy worked as a "wheel mechanic . . . while stationed in Germany where he worked on all types of vehicles performing maintenance and repairs including brakes and clutches." *Id.* He also "worked on the wire team" in Korea and the United States, in which his "team would lay telephone wire and cables for telephone communications." *Id.*
- 1962 to 1990: federal civil service employee in California. *Id.*
    - 1962 to 1974: Mr. Toy "worked as a marine machinist aboard ships, submarines and air craft carriers performing activities in ship building and/or ship repair at several locations including but not limited to Hunters Point Naval Shipyard and Mare Island Naval Shipyard." *Id.*
    - 1974 to 1980: Mr. Toy "worked as a maintenance machinist performing activities in building operation, maintenance and repair to HVAC, pumps, valves, condensate in the mechanical room and other equipment at Treasure Island Naval Shipyard." *Id.*
    - 1980 to 1990: Mr. Toy "worked as a planner/estimator performing activities of buying materials for projects and visiting on-site locations including but not limited to: Hamilton Air Force Base, Alameda Naval Air Station and the Naval Hospital in Oak Knoll while working at the Navy Public Works Center in San Francisco." *Id.*
- 1960s to 1990s: Mr. Toy "worked in non-occupational capacities performing home construction, repairs and remodeling involving asbestos-containing products," including while "building, repairing and remodeling his own homes." *Id.* During this period, Mr. Toy also "worked in non-occupational capacities performing

1  vehicle maintenance and repairs involving asbestos-containing products, including

2  brakes, clutches, and gaskets" on "his own and on his family's vehicles." *Id.*

In the FAC, Plaintiffs identify 43 Defendants whose products (or those of their predecessors) allegedly contained asbestos. *See id.* ¶ 6. Plaintiffs allege that Defendants "were and are authorized to do and are doing business in the State of California" and "have regularly conducted business" in Alameda County, California. *Id.* ¶ 9. Plaintiffs specifically allege that NAPA was "a supplier of asbestos-containing automotive parts." *Id.* ¶ 6.

### B. NAPA's Evidence in Support of Its Motion to Dismiss

Gaylord Spencer, NAPA's Senior Vice President of Marketing Strategy and Secretary, prepared a declaration for this litigation. *See* Mot. Ex. E. Spencer explained that "NAPA is a Michigan not-for-profit membership corporation" with its principal place of business in Atlanta, Georgia. *See id.* ¶ 2; *see also* Mot. Ex. A (certificate of incorporation). NAPA is a trade association; it "does not own or operate a wholesale or retail business and does not distribute or sell parts." Mot. Ex. E ¶ 2. Its members (which operate automotive parts distribution centers), along with some manufacturers and retail outlets, have permission to use the NAPA logo and trademark. *Id.* ¶ 3. NAPA "did not manufacture, design, distribute, supply, or sell automotive parts or otherwise place automotive parts into the stream of commerce." *Id.* ¶ 5. NAPA has never manufactured, designed, distributed, supplied, or sold any automotive part that contained asbestos. *See id.* ¶¶ 6–10.

## II. LEGAL STANDARD

Due process limits a court's power to "render a valid personal judgment against a nonresident defendant." *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980). Where a state authorizes "jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States," as does California, *see* Cal. Civ. Proc. Code § 410.10, federal courts must determine whether the exercise of jurisdiction over a defendant "comports with the limits imposed by federal due process." *Daimler AG v. Bauman*, 571 U.S. 117, 126 (2014); *see also Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) ("California's long-arm statute . . . is coextensive with federal due process requirements, so the jurisdictional

analyses under state law and federal due process are the same."). "For a court to exercise personal jurisdiction over a nonresident defendant consistent with due process, that defendant must have certain minimum contacts with the relevant forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)) (internal quotation marks omitted); *see also Walden v. Fiore*, 571 U.S. 277, 286 (2014) ("Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the random, fortuitous, or attenuated contacts he makes by interacting with other persons affiliated with the State.") (internal quotations omitted).

A plaintiff may invoke either general or specific personal jurisdiction. *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015). "[G]eneral jurisdiction requires affiliations so continuous and systematic as to render the foreign corporation essentially at home in the forum State, *i.e.*, comparable to a domestic enterprise in that State." *Daimler*, 571 U.S. at 133 n.11 (internal quotations, citations, and alterations omitted). Specific jurisdiction exists if: (1) the defendant has performed some act or consummated some transaction with the forum by which it purposefully availed itself of the privilege of conducting business in California; (2) the plaintiff's claims arise out of or result from the defendant's forum-related activities; and (3) the exercise of jurisdiction is reasonable. *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475–76 (1985)).

"When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). Although the court "may not assume the truth of allegations in a pleading which are contradicted by affidavit," *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011) (internal quotation marks omitted), the court must resolve conflicts between the facts contained in the parties' affidavits in plaintiff's favor. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). When the Court does not conduct an evidentiary hearing, the plaintiff need only make a prima facie showing of facts supporting personal jurisdiction to avoid dismissal. *See Myers v. Bennett Law*

4

*Offices*, 238 F.3d 1068, 1071 (9th Cir. 2001).

## III. DISCUSSION

NAPA is a Michigan corporation with its headquarters in Atlanta, Georgia. *See* Mot. Ex. E ¶ 2; *see also* Mot. Ex. A. Thus, as the parties agree, the Court does not have general jurisdiction over NAPA. *See* Mot. at 8; Reply at 9.

Nor does the Court have specific personal jurisdiction over NAPA. Plaintiffs contend that the Court has specific personal jurisdiction over NAPA under the "stream of commerce plus" theory. *See* Opp. at 8 (citing *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873 (2011)). Plaintiffs explain their theory as follows:

> Plaintiffs have alleged that NAPA supplied a known hazardous product in California and that Mr. Toy was injured by exposure to that product in this State. Plaintiffs' claims arise out of NAPA's purposeful efforts to serve directly or indirectly the market for asbestos-containing products in this State. NAPA's distribution and supply of asbestos-containing products in California provides sufficient basis for this Court to exercise personal jurisdiction over NAPA. Such continuing sales into California certainly satisfy the long-arm statute, as well as due process. NAPA's product sales in California are sufficient to establish purposeful availment of the benefits and protections of California law.

Opp. at 8. But the sworn declaration of NAPA's executive directly contradicts these allegations. NAPA avers that it is a trade association, not a manufacturer, seller, or distributor. *See* Mot. Ex. E ¶ 2. And it claims that it has never manufactured, designed, distributed, supplied, or sold any automotive parts that contained asbestos. *See id.* ¶¶ 6–10.

Plaintiffs do not contest the facts contained in Mr. Spencer's affidavit. Nor do they proffer any competing evidence to establish personal jurisdiction over NAPA. Thus, because the Court "may not assume the truth of allegations in a pleading which are contradicted by affidavit," *CollegeSource, Inc.*, 653 F.3d at 1073, the Court must accept Mr. Spencer's account of NAPA's activities. Because Mr. Spencer avers that NAPA does not sell or distribute any products containing asbestos, Plaintiffs' asbestos claims could not possibly arise out of or result from NAPA's California-related activities (even assuming that it has any). Thus, relying on NAPA's uncontroverted declaration, the Court finds that it does not have specific personal jurisdiction over NAPA.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that it does not have personal jurisdiction over NAPA and **GRANTS** the motion to dismiss. The Clerk is **DIRECTED** to terminate Defendant National Automotive Parts Association from the case.

**IT IS SO ORDERED.**

Dated: 4/29/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge