UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE TOY ASBESTOS LITIGATION

Case No. 19-cv-00325-HSG

**ORDER DENYING MOTION TO DISMISS**

Re: Dkt. No. 81

Plaintiffs Thomas H. Toy, Sr. and Agnes Toy initially filed this asbestos lawsuit in Alameda County Superior Court on December 14, 2018, naming 45 Defendants. *See* Dkt. No. 1-1 (state court complaint). Three Defendants removed the case to this Court, where it was later consolidated into one action. *See* Dkt. No. 153. Plaintiffs filed a first amended complaint in this Court on February 11, naming 43 Defendants. *See* Dkt. No. 76 ("FAC").

On February 13, 2019, Defendant Viking Pump, Inc. ("Viking") moved, under Federal Rule of Civil Procedure 12(b)(2), to dismiss the complaint against it for lack of personal jurisdiction. *See* Dkt. No. 81 ("Mot."). Plaintiffs responded on February 27, asking the Court to deny the motion or to allow them to conduct jurisdictional discovery. *See* Dkt. No. 115 ("Opp."). Viking replied on March 6. *See* Dkt. No. 130 ("Reply"). The Court held a hearing on the motion on May 14. Though Plaintiffs' jurisdictional allegations against Viking are spare, they are uncontroverted and sufficient to make out a prima facie case; therefore, the Court **DENIES** the motion to dismiss.

**I.     BACKGROUND**

    **A.     Plaintiffs' Allegations**

Thomas H. Toy, Sr. "was exposed to asbestos during the course of his life," which led to

him developing malignant mesothelioma. *See* FAC ¶¶ 5–6. Mr. Toy identified the following sources of asbestos exposure:

- 1953 to 1962: service in the United States Army. *Id.* ¶ 5. Mr. Toy worked as a "wheel mechanic . . . while stationed in Germany where he worked on all types of vehicles performing maintenance and repairs including brakes and clutches." *Id.* He also "worked on the wire team" in Korea and the United States, in which his "team would lay telephone wire and cables for telephone communications." *Id.*
- 1962 to 1990: federal civil service employee in California. *Id.*
  - 1962 to 1974: Mr. Toy "worked as a marine machinist aboard ships, submarines and air craft carriers performing activities in ship building and/or ship repair at several locations including but not limited to Hunters Point Naval Shipyard and Mare Island Naval Shipyard." *Id.*
  - 1974 to 1980: Mr. Toy "worked as a maintenance machinist performing activities in building operation, maintenance and repair to HVAC, pumps, valves, condensate in the mechanical room and other equipment at Treasure Island Naval Shipyard." *Id.*
  - 1980 to 1990: Mr. Toy "worked as a planner/estimator performing activities of buying materials for projects and visiting on-site locations including but not limited to: Hamilton Air Force Base, Alameda Naval Air Station and the Naval Hospital in Oak Knoll while working at the Navy Public Works Center in San Francisco." *Id.*
- 1960s to 1990s: Mr. Toy "worked in non-occupational capacities performing home construction, repairs and remodeling involving asbestos-containing products," including while "building, repairing and remodeling his own homes." *Id.* During this period, Mr. Toy also "worked in non-occupational capacities performing vehicle maintenance and repairs involving asbestos-containing products, including brakes, clutches, and gaskets" on "his own and on his family's vehicles." *Id.*

In the FAC, Plaintiffs identified 43 Defendants whose products (or those of their

2

predecessors) allegedly contained asbestos. *See id.* ¶ 6. Plaintiffs alleged that Defendants "were and are authorized to do and are doing business in the State of California" and "have regularly conducted business" in Alameda County, California. *Id.* ¶ 9. Plaintiffs specifically alleged that Viking was "a supplier of asbestos-containing Viking pumps." *Id.* ¶ 6.

### B. Viking's Evidence in Support of Its Motion to Dismiss

In support of its motion, Viking included excerpts from a 2003 deposition taken in another case of "Viking's person most knowledgeable," John Petersen. *See* Dkt. No. 81-2 at 2. Petersen testified in that deposition that Viking was incorporated in Delaware and was established in Cedar Falls, Iowa. *See* Mot. Ex. A at 2, 3. Petersen also testified that Viking had manufacturing facilities in Canada, Ireland, and the United Kingdom. *Id.* at 4. Viking later filed a statement in accordance with Civil Local Rule 3-15, disclosing that it is wholly-owned by IDEX Corporation, a publicly traded company. *See* Dkt. No. 179.

## II. LEGAL STANDARD

Due process limits a court's power to "render a valid personal judgment against a nonresident defendant." *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980). Where a state authorizes "jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States," as does California, *see* Cal. Civ. Proc. Code § 410.10, federal courts must determine whether the exercise of jurisdiction over a defendant "comports with the limits imposed by federal due process." *Daimler AG v. Bauman*, 571 U.S. 117, 126 (2014); *see also Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) ("California's long-arm statute . . . is coextensive with federal due process requirements, so the jurisdictional analyses under state law and federal due process are the same."). "For a court to exercise personal jurisdiction over a nonresident defendant consistent with due process, that defendant must have certain minimum contacts with the relevant forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)) (internal quotation marks omitted); *see also Walden v. Fiore*, 571 U.S. 277, 286 (2014) ("Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the random, fortuitous, or

3

1 attenuated contacts he makes by interacting with other persons affiliated with the State.") (internal
2 quotations omitted).

3 A plaintiff may invoke either general or specific personal jurisdiction. *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015). "[G]eneral jurisdiction requires affiliations so continuous and systematic as to render the foreign corporation essentially at home in the forum State, *i.e.*, comparable to a domestic enterprise in that State." *Daimler*, 571 U.S. at 133 n.11 (internal quotations, citations, and alterations omitted). Specific jurisdiction exists if: (1) the defendant has performed some act or consummated some transaction with the forum by which it purposefully availed itself of the privilege of conducting business in California; (2) the plaintiff's claims arise out of or result from the defendant's forum-related activities; and (3) the exercise of jurisdiction is reasonable. *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475–76 (1985)).

"When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). Although the court "may not assume the truth of allegations in a pleading which are contradicted by affidavit," *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011) (internal quotation marks omitted), the court must resolve conflicts between the facts contained in the parties' affidavits in plaintiff's favor. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). When the Court does not conduct an evidentiary hearing, the plaintiff need only make a prima facie showing of facts supporting personal jurisdiction to avoid dismissal. *See Myers v. Bennett Law Offices*, 238 F.3d 1068, 1071 (9th Cir. 2001).

### III. DISCUSSION

Based on the record before it, the Court concludes that it does not have general personal jurisdiction over Viking. At least as of 2003, Viking was a Delaware corporation with its principal place of business in Iowa. *See* Mot. Ex. A at 2, 3. Plaintiffs do not appear to contest Viking's assertion that the Court does not have general personal jurisdiction over it, *see* Mot. at 4–5. Because the Court concludes that there is no basis upon which to exercise general jurisdiction,

4

it must proceed to determine whether there is specific personal jurisdiction.

Plaintiffs contend that the Court has specific personal jurisdiction over Viking under the "stream of commerce plus" theory. *See* Opp. at 8 (citing *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873 (2011)). Plaintiffs explain their theory as follows:

> Plaintiffs have alleged that Viking supplied a known hazardous product in California and that Mr. Toy was injured by exposure to that product in this State. Plaintiffs' claims arise out of Viking's purposeful efforts to serve directly or indirectly the market for asbestos containing products in this State. Viking's distribution and supply of asbestos-containing products in California provides sufficient basis for this Court to exercise personal jurisdiction over Viking. Such continuing sales into California certainly satisfy the long-arm statute, as well as due process. Viking's product sales in California are sufficient to establish purposeful availment of the benefits and protections of California law. Viking should have realized that it would have liability for injury caused by exposures to the asbestos products it sold in this State.

Opp. at 8. Plaintiffs' jurisdictional theory thus relies on two sets of allegations in their complaint: that Viking was "a supplier of asbestos-containing Viking pumps," FAC ¶ 6, and that Viking was "authorized to do and [is] doing business" and has "regularly conducted business" in California, *id.* ¶ 9.

Viking contends that Plaintiffs have not provided any "evidence that Mr. Toy's injuries arose out of Viking's California activities" and hypothesize that "it seems much likelier that Viking supplied its products to the Navy somewhere outside of California." Reply at 5. But Viking has not offered any evidence in support of its alternative theory (evidence that Viking presumably would possess). Rather, Viking attached excerpts from a fifteen-year-old deposition, which seems to show that it did not have any facilities in California—at least in 2003, according to the testimony of a witness whose basis for knowledge is unexplained. Because Viking's submissions do not contradict the allegations in the pleadings, the Court must accept Plaintiffs' pleadings as true for purposes of this motion. *See CollegeSource*, 653 F.3d at 1073.

The Court finds that Plaintiffs' allegations, though meager, establish a prima facie basis for specific personal jurisdiction. Plaintiff has alleged that Viking supplied its asbestos-containing products into the California market, thereby purposefully availing itself of the privilege of conducting business in California and subjecting itself to the jurisdiction of California's courts.

5

Viking may ultimately be correct that the Court does not have specific jurisdiction over it—but it has not submitted any evidence to repudiate Plaintiffs' allegations. Therefore, the Court **DENIES** the motion to dismiss, but it does so without prejudice to renewal after the parties have had an opportunity to conduct discovery. *See Varney v. Air & Liquid Sys. Corp.*, No. 3:18-CV-05105-RJB, 2018 WL 1517669, at *2 (W.D. Wash. Mar. 28, 2018) (denying motion to dismiss for lack of personal jurisdiction where defendants had "not controverted any of the factual allegations derived from the Complaint relied upon by Plaintiffs in their showing of personal jurisdiction")

## IV. CONCLUSION

Viking's motion to dismiss for lack of personal jurisdiction is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated: 5/16/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge