UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE TOY ASBESTOS LITIGATION

Case No. 19-cv-00325-HSG

**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**

Re: Dkt. No. 205

On April 29, 2019, the Court granted Defendant National Automotive Parts Association's ("NAPA") motion to dismiss for lack of personal jurisdiction. *See* Dkt. No. 181. The Court relied on the uncontroverted declaration of a NAPA executive, who averred that NAPA did not manufacture, sell, or distribute any products, which led the Court to conclude that there was no basis for it to exercise personal jurisdiction over NAPA. *See id.* at 5.

Plaintiffs moved for leave to file a motion for reconsideration, contending that they were "unaware that the Court intended to rely on" NAPA's declaration and that they "are in possession of evidence to contradict NAPA's contentions." *See* Dkt. No. 205 at 3.

NAPA opposed the motion for leave, arguing that Plaintiffs had not acted with reasonable diligence and that there were not any new material facts or a change in the law. *See* Dkt. No. 230. The Court agrees.

Under Civil Local Rule 7-9, a party moving for leave to file a motion for reconsideration must show reasonable diligence in bringing the motion and

> [t]hat at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order[.]

Civ. L.R. 7-9(b).

Plaintiffs contend that there is a material difference in fact, because they possess evidence to contradict NAPA's declaration and "[e]ntire trials have been had" on the question of whether "NAPA manufactured and distributed asbestos-containing automotive parts throughout the United States." *See* Dkt. No. 205 at 3. But Plaintiffs do not provide any explanation for why they did not present this evidence in their opposition to NAPA's motion to dismiss, other than to say they were "unaware" that the Court would rely on NAPA's submitted evidence. This purported lack of awareness cannot constitute reasonable diligence, considering that Plaintiffs seemingly possessed this evidence when responding to the motion to dismiss and that the law is clear that the court does not "assume the truth of allegations in a pleading which are contradicted by affidavit," *see CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011). Moreover, even in their motion for leave, Plaintiffs do not actually submit any of the evidence they claim to possess or provide citations to the "trials" they reference.

Accordingly, because Plaintiffs have failed to demonstrate a material difference in fact or law, or that they exercised reasonable diligence in not knowing the applicable law, the Court **DENIES** the motion for leave.

**IT IS SO ORDERED.**

Dated: 5/28/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge