LAW OFFICES OF

**Dean
Omar
Branham
Shirley**

April 2, 2020

**VIA CM/ECF**

Magistrate Judge Donna M. Ryu
Oakland Courthouse, Courtroom 4, 3rd Fl.
1301 Clay Street
Oakland, CA 94612

      Re:    *In re Toy Asbestos Litigation*
               Northern District Court Case No. 4:19-cv-00325-HSG

Dear Magistrate Judge Donna M. Ryu:

Pursuant to your Standing Order (revised May 22, 2019), Defendants (identified by their signatures below) and Plaintiffs have met and conferred and attempted to draft a joint discovery letter brief regarding Plaintiffs' pathology expert, Dr. Brent Staggs, and a pathology expert retained by two defendants, Dr. Victor Roggli. Plaintiffs and defendants were able to agree on all provisions in this letter, with the exception of the order in which the relevant issues were presented. Plaintiffs wanted Issue No. 1 below to address Dr. Roggli while defendants insisted the issue of the admissibility of Dr. Roggli's opinions and report should go last. In all other respects, the parties agreed on the joint nature of this letter brief.

Plaintiffs offered Dr. Staggs for deposition as their expert witness on March 16, 2020, despite not having disclosed Dr. Staggs as an expert or having provided defendants his F.R.C.P. Rule 26 Report. Plaintiffs served Dr. Staggs' "rebuttal" report on March 25, 2020. Defendants hereby seek to exclude Dr. Staggs, his rebuttal report and any reliance thereon on the basis that: (1) Dr. Staggs is not a rebuttal expert and did not provide a proper rebuttal report; and (2) Dr. Staggs' rebuttal report was not timely. Plaintiffs contend that, pursuant to FRCP 26(a)(2)(D)(ii), Dr. Staggs served a proper and timely rebuttal report to the untimely report of defendants' expert Dr. Victor Roggli, whose report was served ten days late without permission from the Court. Plaintiffs seek to exclude Dr. Roggli, his report, and any reliance thereon because Dr. Roggli's report was untimely. If the Court properly excludes Dr. Roggli's untimely report, Plaintiff will withdraw Dr. Staggs and this entire dispute will end. Plaintiffs and defendants met and conferred by telephone on March 20 and 26, 2020 regarding all issues prior to filing this letter.

**Relevant Case Management Deadlines:** Pursuant to Judge Haywood S. Gilliam Jr.'s scheduling order (Doc. #245) and modified order (Doc. #348), fact discovery closed on December 13, 2019, opening expert reports were due on February 17, 2020, rebuttal reports were due March 9, 2020, the deadline to depose plaintiffs' experts is April 6, 2020, the deadline to depose defendants' experts is April 27, 2020, the last day to file dispositive motions is May 6, 2020, the last day to hear such motions is June 4, 2020, the pretrial conference is set for July 14, 2020, and trial is set to commence on July 27, 2020. In Judge Gilliam Jr.'s scheduling order (Dkt. #245) and

302 N Market St
Suite 300
Dallas, TX 75202
O: (855) 722-5910
P: (214) 722-5990
F: (214) 722-5991

modified order (Dkt. #348), the Court explicitly ordered all parties that the deadlines in the orders *"may only be altered **by order of the Court** and only upon a showing of good cause."* (emphasis added by plaintiffs)

**Facts:** Defendants' Position:  On February 17, 2020, Plaintiffs disclosed expert reports and disclosures from Dr. Brodkin and Dr. Brody, but no report or disclosure from Dr. Staggs. Plaintiffs' medical causation expert, Dr. Brodkin, was deposed on March 6, 2020. He testified he reviewed and relied upon a report from Dr. Staggs dated January 3, 2020. This report had not been previously disclosed to defendants and was not referenced in Dr. Brodkin's report. Defendants objected to the use of Dr. Staggs' opinions as untimely and improper. Plaintiffs eventually stipulated to the exclusion of the January 3, 2020 Staggs report but indicated their intent to use Staggs as a rebuttal expert to Dr. Roggli, the pathologist retained by Ingersoll-Rand and Armstrong in this matter. Plaintiffs filed Dr. Staggs' "rebuttal" report on March 25, 2020.  The 17-page rebuttal report is essentially identical to Dr. Stagg's June 2019 and January 3, 2020 reports, with the exception of approximately one and one-half paragraphs wherein Dr. Staggs addresses issues raised by Dr. Roggli. The parties met and conferred on March 26, 2020 regarding the rebuttal report.

Plaintiffs' Position:  On February 5, 2020, defendant Armstrong International Inc. ("Armstrong") emailed Plaintiffs, requesting a 10-day extension of time for disclosure of the report of its pathology expert, Dr. Roggli.  On February 10, 2020, defendant Ingersoll-Rand ("IR") emailed Plaintiffs and requested the same 10-day extension as Armstrong had.  Plaintiffs agreed to both requests.  Neither Armstrong nor IR ever filed a stipulation and order with the Court nor sought in any way to obtain an order from the Court modifying the Court's scheduling orders (Dkt. #245 and Dkt. # 348).  None of the other defendants, including Smothers, even asked for an extension of time for Dr. Roggli's report, let alone asked the Court for an Order modify the scheduling deadlines.

On the expert disclosure deadline of February 17, 2020, Defendants served numerous expert reports, but did not serve an expert report from Dr. Roggli. On February 25, 2020, 10 days after the deadline for disclosure of expert reports, IR and Armstrong served an expert report from Dr. Roggli. In Dr. Roggli's untimely report, he stated for the very first time that Mr. Toy died of lung cancer, not mesothelioma. This brand new opinion had never previously been disclosed or held by any treating physician or medical expert witness in the case. Indeed, all of Mr. Toy's treating physicians and all of the defense medical causation experts had previously agreed that Mr. Toy died of mesothelioma.  Plaintiffs' medical causation expert, Dr. Brodkin, was deposed on March 6, 2020. He, like all of Mr. Toy's treating physicians and all of the defense medical experts except Dr. Roggli, testified that Mr. Toy died of mesothelioma, not lung cancer. Dr. Brodkin had also reviewed and relied upon a report from Dr. Staggs dated January 3, 2020. Plaintiffs had not disclosed Dr. Staggs' previous report because, as described above, there had been no dispute that Mr. Toy died of mesothelioma. And the only point of Dr. Staggs' report is that Mr. Toy died of mesothelioma. Since that opinion was not in dispute, Plaintiffs had not disclosed or relied on Dr. Staggs or had him prepare a full federal disclosure. However, once Dr. Roggli served an expert report 10 days after the deadline and first disputed Mr. Toy's diagnosis of mesothelioma, Plaintiffs asked Dr. Staggs to prepare a rebuttal report to Dr. Roggli's brand new late-disclosed opinion.

Plaintiffs eventually stipulated to the exclusion of the January 3, 2020 Staggs report as to Ingersoll-Rand and Armstrong. Plaintiff also agreed to withdraw Dr. Staggs's initial report if the defendants who had not obtained a stipulation for Dr. Roggli's untimely report also agreed to withdraw it (i.e., all defendants except Armstrong and IR). But defendants refused.

## Unresolved Issues

**1. Whether Dr. Roggli's report was timely disclosed.**

Plaintiffs' Position: In both scheduling orders in this case (Dkt. #245 and #348), this Court cautioned all parties that all dates in both scheduling orders, including the expert disclosure date, *"may only be altered by order of the Court and only upon a showing of good cause."* Despite this clear and repeated order, defendants served Dr. Roggli's report 10 days late on February 27, 2020, and never sought an order from the Court altering the deadline. Although Plaintiffs stipulated to permit two of the defendants (Armstrong and IR) to serve Dr. Roggli's report 10-days late, neither defendant ever formalized the stipulation in a written order to the Court. The other defendants never obtained a stipulation from Plaintiffs regarding Dr. Roggli *and* never obtained an order from the Court modifying the expert disclosure deadline. Despite this undisputed violation of the scheduling order, none of the defendants would stipulate to withdraw Dr. Roggli's untimely report and opinions. This issue was repeatedly raised at the parties' meet and confer call on 3/26/20. Plaintiffs stated that they would withdraw Dr. Staggs as to all defendants who had not retained nor obtained a stipulation for Dr. Roggli's untimely report if defendants would agree to the same for Dr. Roggli. Defendants claimed these were "two separate issues" and refused to agree not to rely on Dr. Roggli. If the Court properly excludes Dr. Roggli's untimely opinions, Plaintiffs will voluntarily withdraw Dr. Staggs and his rebuttal report.

Defendants' Position: As none of the Defendants submitting this letter have retained Dr. Roggli, this issue was not raised in their meet and confers regarding the report and opinions of Dr. Staggs.

## 2. Whether Dr. Staggs is a proper rebuttal expert.

Defendants' Position: Courts disallow use of rebuttal experts to introduce evidence more properly part of a party's case-in-chief. *Sil-Flo, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1990 U.S. App. LEXIS 19130. "The plaintiff who knows that the defendant means to contest an issue that is germane to the prima facie case (as distinct from an affirmative defense) must put in his evidence on the issue as part of his case in chief." *Braun v. Lorillard, Inc.*, 84 F.3d 230, 237 (7th Cir. 1996); *Baldwin Graphics Sys., Inc. v. Siebert, Inc.*, No. 03-CV-7713, 2005 WL 1300763, at *2 (N.D. Ill. Feb. 22, 2005) ("A party presents its arguments as to the issues for which it has the burden of proof in its initial reports.").Furthermore, plaintiffs bear the burden of establishing that their failure to follow the strictures of the Federal Rules was substantially justified and harmless. *Torres v. City of L.A.*, 548 F.3d 1197, 1213, 2008 U.S. App. LEXIS 23799; *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001). The Ninth Circuit found that "even absent a showing in the record of bad faith or willfulness, exclusion is an appropriate remedy for failing to fulfill the . . . disclosure requirements of Rule 26(a)." *Yeti by Molly*, 259 F.3d at 1106, citing *Ortiz- Lopez v. Sociedad Espanola de AuxilioMutuoy Beneficiencia de Puerto Rico*, 248 F.3d 29, 34 (1st Cir. 2001). Moreover, the exclusion sanction is self-executing, and "is thus automatic and mandatory unless the party to be sanctioned can show that its violation of Rule 26(a) was either justified or harmless." *Jimena v. UBS AG Bank*, 2010 U.S. Dist. LEXIS 117596, at *15 (E.D. Cal. Nov. 5, 2010), quoting *Salgado v. General Motors Corp.*, 150 F.3d 135, 142 (7th Cir. 1998); *see also Yeti by Molly*, 259 F.3d at 1106.

Plaintiffs' wrongful death complaint alleges Thomas Toy Sr. developed mesothelioma as a result of exposure to asbestos from the various products and/or actions of the defendants named in this case. There is no dispute plaintiffs bear the burden of proving the medical claims asserted in their complaint. Defendants are unable to ascertain, given this burden, why Plaintiffs, who clearly had Dr. Staggs' report in their possession as early as June 2019 and at least as early as January 2020,

well before the expert disclosure deadline, failed to timely disclose Dr. Staggs as an expert in this case. Moreover, the fact that Plaintiffs are now attempting to recycle Dr. Staggs original report(s) (with the addition of approximately one paragraph) as evidence to support their case-in-chief, under the guise of "rebutting" one of the defense experts, is improper and falls squarely under the prohibited use of rebuttal reports as outlined above. Defendants hereby request Dr. Staggs' rebuttal report be excluded and any reliance on either his original report or rebuttal report also be precluded.

Plaintiffs' Position: Even if the Court were somehow to permit the untimely expert report of Dr. Roggli, Dr. Staggs' rebuttal report is timely and proper. Experts who will be called solely for rebuttal purposes may be identified within 30 days after the opposing party's disclosures. FRCP 26(a)(2)(D)(ii) Here, Dr. Roggli's report was disclosed on February 27, 2020; Dr. Staggs rebuttal report was disclosed 27 days later on March 25, 2020. As such, Dr. Staggs' rebuttal report was timely disclosed within 30 days of Dr. Roggli's report pursuant to FRCP 26(a)(2)(D)(ii). Additionally, Dr. Staggs report was a proper rebuttal report because, as described above, there had been absolutely no indication whatsoever that there was any dispute regarding Mr. Toy's diagnosis until Dr. Roggli's untimely report of February 27, 2020. Indeed every treating physician, defense medical expert, and medical record in the case all conclude Mr. Toy was diagnosed with and died of mesothelioma. Mr. Toy's death certificate lists mesothelioma as his cause of death. Not only was there absolutely no indication whatsoever before February 27th that there was any dispute about Mr. Toy's diagnosis, but all of the adverse defense medical experts had actually affirmatively agreed in their expert reports that Mr. Toy was properly diagnosed and died of mesothelioma, not lung cancer. As such, there was no reason for Plaintiffs to prepare and disclose and offer for deposition an expert pathologist on an issue that was totally undisputed before Dr. Roggli's untimely opinion of February 27, 2020. Lastly, the portions of Dr. Staggs' report that IR vaguely contends are not rebuttal opinions, are foundational to Dr. Staggs' opinions. His report, which concludes Mr. Toy was diagnosed with and died of mesothelioma, is a proper rebuttal report to the opposite conclusion of Dr. Roggli. Moreover, all of the law cited by defendants below regarding automatic exclusion of expert reports that are untimely applies with even more force to defendants' indisputably untimely disclosure of Dr. Roggli.

### 3. Whether Dr. Stagg's rebuttal report was timely disclosed.

Defendants' Position: Pursuant to Judge Gilliam's modified scheduling order, expert rebuttal reports were due February 17, 2020, with rebuttal reports due 21 days later, on March 9. 2020. Based on the parties' meet and confer conferences, defendants understand it is Plaintiffs position that since Dr. Roggli's report was served after the initial disclosure deadline (on February 27, 2020 per stipulation of Plaintiffs and the remaining defendants), they are afforded additional time to serve their rebuttal report. Even if this were the case, in following the timing set out in the scheduling order, this would mean Dr. Staggs rebuttal report was due March 19, 2020. Plaintiffs did not serve Dr. Staggs report until March 25, 2020 – six days after the deadline. Plaintiffs provided no explanation or justification for their delay. "Because the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise . . . compliance with the requirements of Rule 26 is not merely aspirational." *Cooper v. Southern Co.*, 390 F.3d 695, 728 (11th Cir. 2004) (internal citations omitted). Fed. R. Civ. P. 37(c)(1) instructs that where "a party fails to provide information… as required by Rule 26(a) or (e), the party is not allowed to use that information or witness…unless the failure was substantially justified or harmless." The burden of showing that a failure to disclose or comply was substantially justified or harmless is on the non-disclosing party. *Mitchell v. Ford Motor Co.*, 318 Fed.Appx. 821, 824 (11th Cir. 2009). As

discussed, *supra,* not only did Plaintiffs provide no justification for serving an untimely "rebuttal" report, but given that this report is essentially the same as Dr. Staggs' June 2019 and January 2020 reports and Plaintiffs are attempting to introduce evidence to support their case-in-chief, allowing this report would cause indisputable prejudice to defendants who now have no recourse to address the opinions set forth in Dr. Staggs' report. Accordingly, defendants respectfully request the Court exclude Dr. Staggs, his report and reliance by anyone thereon in this case.

Plaintiffs' Position: Dr. Stagg's report is a proper rebuttal report. It, of course, includes information regarding the foundation and basis and qualifications supporting his opinion. But his opinion, based on the staining performed by Mr. Toy's treating physicians, all of whom agreed Mr. Toy had mesothelioma, is properly supported and admissible. IR's attempt to circumvent the due process requirements of a properly noticed Daubert motion in a letter should be rejected.

### 4. Against which Defendants Dr. Staggs' report may be used.

Defendants' Position: Based on the parties' two telephonic meet and confers of March 20 and 26, 2020, Defendants understand it is Plaintiffs' positon that no defendant other than Ingersoll-Rand or Armstrong might use the report of Dr. Roggli as part of their case-in-chief. While Defendants reject this positon, should the Court accept Plaintiffs' argument, it is Defendants' position that Dr. Staggs' rebuttal report would then only be able to be used against those defendants who retained Dr. Roggli – the expert for whom this rebuttal report is purported to address. As outlined above and as set forth by Rule 26(a)(2)(D)(ii), a rebuttal expert as one who offers evidence "intended solely to contradict or rebut evidence on the same subject matter identified by another party[.]" See also, *Tanberg v. Sholtis*, 401 F.3d 1151, 1166 (10th Cir. 2005) (citing Black's Law Dictionary 579 (7th ed. 1999) (rebuttal evidence is "evidence which attempts to 'disprove or contradict' the evidence to which it contrasted." *Tanberg v. Sholtis*, 401 F.3d 1151, 1166 (10th Cir. 2005) (citing Black's Law Dictionary 579 (7th ed. 1999)). If no defendants, other than those who retained Dr. Roggli, are allowed to rely on the opinions of Dr. Roggli, Plaintiffs cannot use opinions proffered by Dr. Staggs against those other defendants. Likewise, no other of Plaintiffs' experts can rely on the opinions of Dr. Staggs for their opinions against the non-Roggli-retaining defendants. Defendants note that Plaintiffs have not made any request to the Court to have Dr. Roggli's report or opinions struck. To the extent the argument is now made to the Court that Dr. Roggli's report is untimely, Defendants oppose any such position and submit that this is nothing more than Plaintiffs' attempt to distract the court from the real issue of the admissibility of Dr. Staggs' report and opinions.

Plaintiffs' Position: Plaintiffs' position is that no defendant may present Dr. Roggli's untimely opinions because they were disclosed after the Court-ordered deadline for expert disclosures and no party has sought an order from this Court modifying the scheduling order. If, however, the Court somehow finds that Dr. Roggli's report was timely, then Plaintiffs' position is that Dr. Staggs' rebuttal report, which was served 27 days after Dr. Roggli's report, is also timely. Either they are both in or both out. Defendants apparently take the position that they should be excused from their untimely disclosure of Dr. Roggli and only Dr. Staggs should be excluded as untimely. Plaintiffs disagree with this position because of the clear language in the Court's scheduling orders: *"These dates may only be altered by order of the Court and only upon a showing of good cause."*

Respectfully submitted,

DEAN OMAR BRANHAM SHIRLEY, LLP


By: *s/ Benjamin H. Adams*
 Benjamin H. Adams
 Attorneys for Plaintiffs