**THE RASMUSSEN LAW FIRM LLP**
Kurt L. Rasmussen (Bar No. 168926)
Kevin E. Deenihan (Bar No. 260391)
6033 W. Century Blvd., Suite 444
Los Angeles, CA 90045
Telephone: (310) 641-1400
Facsimile: (310) 641-2947
krasmussen@rdm.law
kdeenihan@rdm.law

**PRINDLE, GOETZ, BARNES & REINHOLTZ LLP**
Carla Lynn Crochet, Esq. (Bar No. 181735)
310 Golden Shore, Fourth Floor
Long Beach, California 90802
Telephone: (562) 436-3946
Facsimile: (562) 495-0564
ccrochet@prindlelaw.com

Attorneys for Defendant,
INGERSOLL-RAND COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *IN RE TOY ASBESTOS LITIGATION* | CASE NO. 4:19-cv-00325-HSG (Lead Case)<br>Related: 4:19-cv-00326-HSG and 4:19-cv-00336-HSG<br><br>**DEFENDANT INGERSOLL-RAND COMPANY'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFF EXPERT DR. BRENT STAGGS, HIS OPINIONS AND REPORTS, AND ANY RELIANCE THEREON**<br>**Date:** May 21, 2020<br>**Time:** 2:00 p.m.<br>**Courtroom:** 2<br>**Judge:** Hon. Haywood S. Gilliam, Jr.<br><br>**Complaint Filed:** December 14, 2018<br>**Trial Date:** July 27, 2020 |

1

**TO THE COURT, PLAINTIFFS AND THEIR ATTORNEYS OF RECORD HEREIN, AND TO ALL OTHER INTERESTED PARTIES:**

**PLEASE TAKE NOTICE THAT** on May 21, 2020, at 2:00 p.m., or as soon thereafter as the matter may be heard, in Courtroom 2 of the above-captioned court located at 1301 Clay Street, Oakland, CA 94612, defendants Ingersoll-Rand Company ("Ingersoll-Rand") and Armstrong International, Inc. ("Armstrong") will and hereby do move this Court for an order strikingDr. Brent Staggs, plaintiffs' pathologist, his expert opinion/rebuttal report and all reliance thereon, pursuant to Fed. R. Civ. P. Rules 26 and 37.

In the alternative, Ingersoll-Rand and Armstrong (collectively, "Moving Defendants") ask that: (1) the rebuttal report and related disclosure be withdrawn except the two paragraphs on pages 15 and 16 discussing the report of Dr. Victor Roggli, Moving Defendants' pathologist, (2) Dr. Staggs be promptly offered for deposition, and (3) Dr. Roggli and Dr. Stockman may issue sur-rebuttal reports to Dr. Staggs.

This motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, the Declaration of Kevin E. Deenihan, the Declaration of Gilliam F. Stewart, and supporting Exhibits filed and served concurrently herewith, the pleadings, records and files herein, and upon such other oral and/or documentary evidence as may be presented at the hearing of this motion.

Respectfully submitted,

DATED: April 16, 2020

THE RASMUSSEN LAW FIRM LLP

By: _____
KEVIN E. DEENIHAN
Attorneys for Defendant,
INGERSOLL-RAND COMPANY

2

INGERSOLL-RAND COMPANY'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFF EXPERT DR. BRENT STAGGS, HIS OPINIONS AND REPORTS, AND ANY RELIANCE THEREON

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE PLAINTIFF EXPERT DR. BRENT STAGGS, HIS OPINIONS/REPORTS AND ANY RELIANCE THEREON**

## I.   INTRODUCTION

Pursuant to Fed. R. Civ. P. Rules 26 and 37 and the Court's Scheduling Order, defendants Ingersoll-Rand and Armstrong move the Court to exclude the expert opinion of Dr. Brent Staggs and all reliance thereon on the grounds that: (1) Dr. Staggs is not a proper rebuttal expert; (2) Dr. Staggs' report is not properly limited to rebuttal of the expert opinion of Moving Defendants' expert Dr. Victor Roggli; and (3) Dr. Staggs' disclosure and report was not timely disclosed. Plaintiffs' efforts to improperly introduce Dr. Staggs' expert opinion have prejudiced Moving Defendants and will continue to prejudice Moving Defendants if allowed into this action.

## II.   STATEMENT OF FACTS

Plaintiffs initially brought claims in this lawsuit against twenty-two (22) defendants, including Ingersoll-Rand and Armstrong, alleging that they manufactured or supplied asbestos-containing products or equipment which caused Mr. Toy to develop mesothelioma. Pursuant to this Court's scheduling order (Doc. #245) and modified order (Doc. #348), fact discovery closed on December 13, 2019, opening expert reports were due on February 17, 2020, rebuttal reports were due March 9, 2020, the deadline to depose plaintiffs' experts was April 6, 2020, the deadline to depose defendants' experts is April 27, 2020, the last day to file dispositive motions is May 6, 2020, the last day to hear such motions is June 4, 2020, the pretrial conference is set for July 14, 2020, and trial is set to commence on July 27, 2020.

Plaintiffs disclosed expert reports and disclosures from Dr. Carl Brodkin and Dr. Arnold Brody on the expert report deadline of February 17, 2020. Plaintiffs did not serve any report or disclosure from pathologist Dr. Brent Staggs. Due to Ingersoll-Rand's and Armstrong's pathology expert, Dr. Victor Roggli, falling ill, Moving

Defendants and Plaintiffs stipulated that Dr. Roggli's report could be served on February 27, 2020. See Exhibit A to Declaration of Kevin E. Deenihan ("Deenihan Decl."); Exhibit A to Declaration of Gilliam F. Stewart. Dr. Roggli's report stated that his testing on pathology materials showed that Mr. Toy had developed lung cancer, not mesothelioma. See Exhibit E to Deenihan Decl.

Plaintiffs' medical causation expert, Dr. Brodkin, was deposed on March 6, 2020. He testified that he reviewed and relied upon a report from Dr. Staggs dated January 3, 2020. See Excerpts from Deposition of Dr. Brodkin, attached to Deenihan Decl. as Exhibit B. This report had not been previously disclosed to Defendants and was not referenced in Dr. Brodkin's report.[1] This report concluded that Mr. Toy died of mesothelioma. Ingersoll-Rand objected to the use of Dr. Stagg's opinions at the Brodkin deposition. See Deenihan Decl. at ¶4, pg. 2, lines 15. The parties met and conferred. Plaintiffs then stipulated to the exclusion of the previous Staggs materials for any purpose and stated they would issue a new report from Dr. Staggs in rebuttal to Dr. Roggli. See Stipulation Letter, attached hereto as Exhibit D to Deenihan Decl.

Defendants received the proposed rebuttal on March 25, 2020. See Exhibit E to Deenihan Decl. Dr. Staggs' reports from June 2019, January 2020, and the March 2020 "rebuttal" are all nearly identical, with the exception of one small portion in the March 2020 report on pages 15 and 16 that purports to address Dr. Roggli's opinions. Ingersoll-Rand objected to the proposed rebuttal report, and the parties met and conferred on March 26, 2020 regarding this dispute. See Letter to Plaintiffs, attached as Exhibit F to Deenihan Decl. The parties served letter briefs to the Court on April 2, 2020. See Discovery Letter Brief, attached as Exhibit G to Deenihan Decl.; Exhibit B to Stewart Decl. After the letter briefs were submitted, the parties discussed alternative solutions, including the alternative proposed by Moving Defendants in this motion.

---

[1] In October 2019, Plaintiffs disclosed in discovery that Dr. Staggs issued a June 2019 report opining that decedent had mesothelioma as part of their package to the JT Thorpe asbestos bankruptcy trust seeking compensation. See June 2019 Report, attached to Deenihan Decl. as Exhibit C.

The Court determined that motion practice would be appropriate for this discovery dispute. See Dkt #397. This motion follows.

## III. ARGUMENT

### A. Dr. Staggs' Proposed Rebuttal Report Tries To Shoehorn In Evidence Properly Part of Plaintiffs' Case In Chief.

Rule 26(a)(2)(D)(ii) allows the admission of rebuttal testimony that "is intended **solely** to contradict or rebut evidence on the same subject matter identified by another party." (Emphasis added.)Accordingly, courts disallow use of rebuttal experts to introduce evidence more properly part of a party's case-in-chief. *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1515 (10th Cir. 1990). "The plaintiff who knows that the defendant means to contest an issue that is germane to the prima facie case (as distinct from an affirmative defense) must put in his evidence on the issue as part of his case in chief." *Braun v. Lorillard, Inc.*, 84 F.3d 230, 237 (7th Cir. 1996); *Daly v. Far E. Shipping Co. PLC.*, 238 F. Supp. 2d 1231, 1238 (W.D. Wash. 2003), aff'd sub nom. *Daly v. Fesco Agencies NA Inc.*, 108 F. App'x 476 (9th Cir. 2004)

Plaintiffs' wrongful death complaint alleges that Decedent, Thomas Toy Sr., developed mesothelioma as a result of exposure to asbestos from Moving Defendants' products and subsequently passed away due to his mesothelioma. See Wrongful Death Complaint, attached to Deenihan Decl. as Exhibit H. There is no dispute that Plaintiffs bear the burden of proving that Decedent had mesothelioma. *Rutherford v. Owens-Illinois, Inc.* 16 Cal.4th 953, 982(1997); *Lineaweaver v. Plant Insulation Co.* 31 Cal.App.4th 1409, 1415-1416 (1995). Nonetheless, Plaintiffs failed to timely serve Dr. Staggs' report at the time initial reports were due, on February 17, 2020. Plaintiff never asked for an extension or otherwise sought permission from Defendants to properly serve the report.

Plaintiffs cannot argue in good faith that they had no idea that Moving Defendants intended to contest Decedent's diagnosis. This is a mesothelioma wrongful death case. Diagnosis is a central issue. When the decedent has lung

cancer, the defendant can show that a number of other causes caused or contributed to his diagnosis, especially smoking and second-hand smoke exposure. *Norfolk & W. Ry. Co. v. Ayers*, 538 U.S. 135, 143 FN. 4 (2003). Moreover, Plaintiffs knew that Defendants had retained Dr. Victor Roggli, an eminent pathologist on asbestos-related disease, to review and render an opinion on Decedent's diagnosis based on actual immunohistochemical staining and analysis of Decedent's pathology material. Dr. Roggli is one of the top experts in the world as it relates to diagnosis of asbestos-related disease. *Zimko v. Am. Cyanamid*, 2003-0658 (La. App. 4 Cir. 6/8/05), 905 So. 2d 465, 487, writ denied, 2005-2102 (La. 3/17/06), 925 So. 2d 538. Pathological analysis is the gold standard of mesothelioma diagnosis. *Abadie v. Metro. Life Ins. Co.*, 00-352 (La. App. 5 Cir.4/11/01), 804 So. 2d 11, 22.

It is clear from Plaintiffs' course of action that they eventually realized their mistake by failing to present Dr. Staggs in their case-in-chief. First, they attempted to introduce Dr. Staggs through the mechanism of the reliance materials of Dr. Carl Brodkin. Plaintiffs now attempt to introduce Dr. Staggs' opinions as a purported rebuttal report to Dr. Roggli. However, the vast majority of the 17-page report is clearly intended to introduce material for Plaintiffs' case-in-chief. The section related to Dr. Roggli's report occupies two paragraphs on page 15 and 16 of the report. The remaining material is in common with Dr. Stagg's reports of June 2019 and January 2020. It comprises opinions on: (1) the link between asbestos and cancer, (2) dose-response relationship between asbestos and cancer risk, (3) mechanisms of asbestos-related cancer development, (4) governmental and other organizational support for the above, (5) mesothelioma as a signal tumor for asbestos exposure even absent asbestos fibers, (6) the effect of low-dose exposures, (7) risk of developing lung cancer from asbestos exposure, and (8) genetic susceptibility. See Exhibit E to Deenihan Decl. It also opines that Decedent developed mesothelioma. *Id*. This opinion is based on review of medical records and his own pathological analysis, which analysis was conducted an unknown time period ago, but pre-dating Dr. Roggli's analysis. This

analysis does not disclose what staining he performed. A party may not use a rebuttal expert to introduce new legal theories. *103 Investors I, L.P. v. Square D Co.*, 372 F.3d 1213, 1218 (10th Cir. 2004). This report is *prima facie* not in rebuttal. Comparison to the previous and nearly identical reports pre-dating Dr. Roggli's report makes its admission in whole for rebuttal purposes wholly unsupportable.

### 1. Ingersoll-Rand and Armstrong Have Been Prejudiced.

Plaintiffs bear the burden of establishing that their failure to follow the strictures of the Federal Rules was substantially justified and harmless. *Torres v. City of Los Angeles*, 548 F.3d 1197, 1213 (9th Cir. 2008); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001). The Ninth Circuit has found that "even absent a showing in the record of bad faith or willfulness, exclusion is an appropriate remedy for failing to fulfill the . . . disclosure requirements of Rule 26(a)." *Yeti by Molly*, 259 F.3d at 1106, citing *Ortiz-Lopez v. Sociedad Espanola de AuxilioMutuoYBeneficiencia de Puerto Rico*, 248 F.3d 29, 34 (1st Cir. 2001). Moreover, the exclusion sanction is self-executing, and is thus automatic and mandatory unless the party to be sanctioned can show that its violation of Rule 26(a) was either justified or harmless. *Finley v. Marathon Oil Co.,* 75 F.3d 1225, 1230 (7th Cir. 1996);*see also Yeti by Molly*, 259 F.3d at 1106.

Moving Defendants have been prejudiced by Plaintiffs' failure to disclose the Staggs report. First, Moving Defendants were blindsided by Dr. Staggs' report at Dr. Brodkin's deposition. See Exhibit B to Deenihan Decl. Moving Defendants did not receive the January report in advance of the deposition and had no notice that Dr. Brodkin intended to rely on it. *Id*. Ingersoll-Rand objected to the use of the report and promptly met and conferred with Plaintiffs.See Stipulation Letter, attached hereto as Exhibit D to Deenihan Decl.Dr. Staggs' report does not appear in Dr. Brodkin's materials. Plaintiffshaveno excuse for failing to disclose it prior to the deposition at all. Second, Moving Defendants are now unable to have Dr. Stockman, Ingersoll-Rand's and Armstrong's causation expert,and Dr. Roggli examine Dr. Staggs' report

as a proper case-in-chief disclosure and issue their own rebuttals. Rebuttal reports are a right afforded to every litigant under Fed. R. Civ. P. Rule 26.Third, Dr. Staggs was not offered for deposition within a reasonable period and must now be taken out of the sequence established in the scheduling order. Finally, the record shows that Plaintiffs have not acted in any way to limit the prejudice suffered by Moving Defendants. Plaintiffs have offered no relief to Moving Defendants, did not seek a stipulation for more time to disclose Dr. Staggs, or seek to allow Defendants to issue rebuttals to Dr. Staggs.Accordingly, Ingersoll-Rand and Armstrong respectfully request that this Court exclude Dr. Staggs, his report and reliance by anyone thereon in this case.

**B.    Dr. Staggs' Proposed Rebuttal Report Does Not Attempt To Rebut Dr. Roggli And Is Therefore Improper.**

Rebuttal evidence is "evidence which attempts to 'disprove or contradict' the evidence to which it contrasted." *Tanberg v. Sholtis*, 401 F.3d 1151, 1166 (10th Cir. 2005) (citing Black's Law Dictionary 579 (7th ed. 1999)). "The proper function of rebuttal evidence is to contradict, impeach or defuse the impact of the evidence offered by an adverse party."*Peals v. Terre Haute Police Dep't*, 535 F.3d 621, 630 (7th Cir. 2008). Rebuttal experts must also rise to the level of proper experts under Fed. R. Evid 702. *Nutri Pharm. Research Inc. v. Stauber Performance Ingredients, Inc.*, No. 217CV2964JCMNJK, 2019 WL 6718084, at *5 (D. Nev. Dec. 10, 2019) (excluding rebuttal expert where "her opinions lack proper foundation and are unreliable, and therefore, fail to meet the assistance and reliability requirements outlined in Fed. R. Evid. 702.").Dr. Roggli's report addresses the pathology materials he reviewed and his own immunohistochemical staining performed on one of the pathology materials. The main thrust of Dr. Roggli's report is that decedent did not have mesothelioma, but rather, lung cancer. The scientific basis of Dr. Roggli's report is his staining analysis – Dr. Roggli stains pathology slides with specific molecular markers known to react only to particular medical conditions. For example, claudin 4 is known to be a sensitive marker for distinguishing between lung cancer and

mesothelioma.

Only one small portion in Dr. Staggs' March 2020 report, the section entitled "Expert Reports" at page 15, mentions Dr. Roggli's report. See Exhibit E to Deenihan Decl. The majority of Dr. Staggs' 17-page report introduces new subject matters and theories that were not addressed by Dr. Roggli at all. With respect to the attempted rebuttal paragraphs, they state that Dr. Staggs, without: (1) doing any staining of his own or (2) reviewing the same slides Dr. Roggli examined, or (3) having any information that he did not already have in his prior undisclosed reports, decided Dr. Roggli was likely wrong in his conclusions. *Id*. Nowhere does he attempt to "disprove or contradict" the staining analysis of Dr. Roggli – indeed, he only neutrally states that "Dr. Roggli reports an immunohistochemical staining pattern different from the original treating facility." *Id*. Nowhere does he rebut the conclusions Dr. Roggli reached after staining analysis – whether in disputing that his staining was performed correctly, or that he performed the correct stains, or that he reached the correct conclusions. This bare opinion therefore lacks foundation and does not meet the rebuttal standard of evidence. Ingersoll-Rand and Armstrong respectfully request that it be stricken in its entirety.

### C.   Dr. Stagg's Report Was Untimely Even As A Rebuttal Report.

Due to Ingersoll-Rand's and Armstrong's pathology expert, Dr. Victor Roggli, falling ill, Plaintiffs, Ingersoll-Rand and Armstrong stipulated that Dr. Roggli's report may be served on February 27, 2020. See Exhibit A to Deenihan Decl.; Exhibit A to Stewart Decl. Plaintiffs and Moving Defendants did not, as part of that stipulation, specify a date by which any report intended to rebut Dr. Roggli's report would become due. However, based on the modified Scheduling Order, any rebuttal report to Dr. Roggli's report would have been due 21 days after February 27, 2020, or March 19, 2020. See Doc. #245, #348. Plaintiffs did not serve the rebuttal report of Dr. Staggs until March 25, 2020, six days after it was due. Accordingly, Ingersoll-Rand and Armstrong respectfully request that this Court exclude Dr. Staggs, his report and

reliance by anyone thereon in this case.

## IV. CONCLUSION

This is a classic example of a party failing to meet a disclosure deadline, and then compounding the error by repeatedly prejudicing the opposite side. Case law is clear that these are the circumstances that merit exclusion.

In the alternative, Ingersoll-Rand and Armstrong ask that: (1) the rebuttal report and related disclosure be withdrawn except the two paragraphs on pages 15 and 16 discussing the report of Dr. Victor Roggli, Ingersoll-Rand's and Armstrong's pathologist, (2) Dr. Staggs be promptly offered for deposition, and (3) Dr. Roggli and Dr. Stockman may issue sur-rebuttal reports to Dr. Staggs.

Respectfully submitted,

DATED: April 16, 2020

THE RASMUSSEN LAW FIRM LLP

By: _____
KEVIN E. DEENIHAN
Attorneys for Defendant,
INGERSOLL-RAND COMPANY

Joining in this submission:

CMBG3 LAW

CMBG3 LAW
100 Spectrum Center Drive,
Suite 820
Irvine, California 92618
Telephone: (949) 467-9500
Facsimile: (949) 377-3355
gstewart@cmbg3.com

By: _____
GILLIAM F. STEWART (SBN 260070)
Attorneys for Defendant
ARMSTRONG INTERNATIONAL, INC.

reliance by anyone thereon in this case.

## IV. CONCLUSION

This is a classic example of a party failing to meet a disclosure deadline, and then compounding the error by repeatedly prejudicing the opposite side. Case law is clear that these are the circumstances that merit exclusion.

In the alternative, Ingersoll-Rand and Armstrong ask that: (1) the rebuttal report and related disclosure be withdrawn except the two paragraphs on pages 15 and 16 discussing the report of Dr. Victor Roggli, Ingersoll-Rand's and Armstrong's pathologist, (2) Dr. Staggs be promptly offered for deposition, and (3) Dr. Roggli and Dr. Stockman may issue sur-rebuttal reports to Dr. Staggs.

Respectfully submitted,

DATED: April 16, 2020        THE RASMUSSEN LAW FIRM LLP


By: _____
KURT L. RASMUSSEN
Attorneys for Defendant,
INGERSOLL-RAND COMPANY

Joining in this submission:        CMBG3 LAW

CMBG3 LAW
100 Spectrum Center Drive,        By: _____
Suite 820                         GILLIAM B. STEWART (SBN 260070)
Irvine, California 92618          Attorneys for Defendant
Telephone: (949) 467-9500         ARMSTRONG INTERNATIONAL, INC.
Facsimile: (949) 377-3355
gstewart@cmbg3.com

---
10
INGERSOLL-RAND COMPANY'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFF EXPERT DR. BRENT STAGGS, HIS OPINIONS AND REPORTS, AND ANY RELIANCE THEREON