# EXHIBIT E



E-SERVICE
65540042
Mar 25 2020
05:46PM
File & ServeXpress

Jessica M. Dean, Esq.          (CSBN 260598)
Benjamin H. Adams, Esq.      (CSBN 272909)
Conor R. Nideffer, Esq.        (CSBN 253931)
**DEAN OMAR BRANHAM SHIRLEY, LLP**
302 N. Market Street, Suite 300
Dallas, Texas 75202
Telephone: (214) 722-5990
Facsimile:  (214) 722-5991
jdean@dobslegal.com
badams@dobslegal.com
cnideffer@dobslegal.com

Attorneys for Plaintiffs

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re Toy Asbestos Litigation* | Case No. 4:19-cv-00325-HSG |
| | **PLAINTIFFS' DESIGNATION AND REPORT OF REBUTTAL EXPERT OF BRENT STAGGS, M.D.** |
| | Trial Date: July 27, 2020 |
| | Date Removed:  January 18, 2019 |

Plaintiffs, by and through their counsel of record herein, hereby disclose the following

rebuttal expert and expert materials pursuant to FRCP 26(a)(2):

Dr. Brent C. Staggs
Diplomat, American Board of Pathology
1 Lile Court, Suite 101
Little Rock, AR 72205

Dr. Staggs may testify, live or by deposition, concerning his examination of the Plaintiff

and/or his review of the Plaintiff's work history, medical records, x-rays, and bills for medical

services as well as his evaluation of asbestos-related disease in this case.  He may also testify about

asbestos, the effects of asbestos on the body and the diseases caused by asbestos generally.

Additionally, he may testify concerning Plaintiff's increased risk of mesothelioma and other

asbestos-related diseases as a consequence of his exposure to asbestos. Dr. Staggs may testify that based on epidemiological, industrial hygiene, medical, scientific and/or other studies, Plaintiff's asbestos-related disease and his increased risk of cancer were caused by his exposure to Defendants' asbestos-containing products or use of asbestos-containing products on Defendants' machinery or equipment, and/or the use of asbestos containing products while working on Defendants premises or while employed by Defendants. He may also testify that Plaintiff incurred medical expenses as a result of his exposure to asbestos and his development of an asbestos-related disease. Dr. Staggs may testify concerning the reasonable and necessary medical expenses that Plaintiff incurred, and may incur in the future, as a result of his asbestos-related disease.

Dr. Staggs may testify about what asbestos is and how asbestos causes disease and which diseases are caused from exposure to asbestos.

Dr. Staggs may testify that asbestos was known to cause various diseases, including cancer, by the 1920s and 1930s, respectively. Dr. Staggs may testify as to his review of the literature and the opinions and conclusions contained in that literature regarding state of the art issues and specifically regarding medical knowledge of asbestos-related effects and recommended protections to exposed workers. Dr. Staggs may testify whether or not a specific identified exposure to asbestos is a contributing cause to asbestos-related disease, as well as the cumulative effect of Plaintiffs asbestos exposures. He may testify whether Plaintiffs cumulative exposure to asbestos is causally associated with his asbestos-related disease. Dr. Staggs may testify as to when end product users, household-exposed individuals and bystanders developed asbestos-related diseases, including resulting mortality.

Dr. Staggs may testify about the levels of asbestos exposure released from asbestos materials/products. Dr. Staggs may testify to the nature and extent of Plaintiff's exposure, including intensity of fiber release from specific activities. Dr. Staggs may testify, to the extent possible, to the levels of asbestos exposure that Plaintiff received from Defendants' asbestos products and the increased risk of mesothelioma, if any, from these exposures. Dr. Staggs may

1  also testify whether specific identified exposures substantially contributed to Plaintiff's

2  mesothelioma and/or other asbestos-related disease. Dr. Staggs will discuss general principles of

3  occupational medicine. Further, Dr. Staggs may testify concerning the increased risk of cancer

4  faced by asbestos-exposed workers and the epidemiological link between asbestos and cancer.

5  More specifically, Dr. Staggs may testify as to this Plaintiff's increased risk of developing an

6  asbestos-related cancer as a result of his exposure to Defendants' asbestos-containing products

7  and/or exposure at Defendants premises or place of employment. Dr. Staggs may also testify that

8  Plaintiff's increased risk of cancer was causally associated with Plaintiff's exposure to Defendants'

9  asbestos-containing products, the use of asbestos-containing products on Defendants' machinery

10  or equipment, and/or the use of asbestos-containing products while working on Defendants'

11  premises and/or while employed by Defendants. Dr. Staggs will discuss the well characterized

12  dose response of asbestos and may testify that risk for asbestos-related disease is substantially

13  greater than ambient exposures. Dr. Staggs may testify concerning fiber types of asbestos

14  generally and that all types of asbestos fibers are capable of causing all asbestos-related diseases

15  and all forms of asbestos-related cancers, including mesothelioma. Dr. Staggs may testify with

16  regard to Plaintiff's diagnosis of an asbestos-related disease. He may also testify with regard to

17  Plaintiff's increased risk of contracting lung cancer or mesothelioma or other cancers as a result

18  of his asbestos exposure. Dr. Staggs may also testify that Plaintiff's diagnosis and symptoms were

19  related to, and caused by, his exposure to asbestos and that all exposures to asbestos of an

20  occupational level substantially contribute to the development of mesothelioma. Dr. Staggs may

21  testify concerning asbestos, and that the effects of exposure to asbestos at occupational levels are

22  cumulative in nature. Occupational levels of asbestos exposure to asbestos are typically many

23  times (tens to hundreds or a thousand fold and greater) above background levels experienced by

24  those with no exposure to asbestos at occupational levels. He may also testify that individuals can

25  be exposed to asbestos outside of the workplace or in a bystander fashion, but still experience

26  exposure at levels one would expect to see occupationally or directly. These exposures contribute

27

28

PLAINTIFFS' DESIGNATION AND REPORT OF REBUTTAL EXPERT OF BRENT STAGGS, M.D.

to the development of asbestos diseases and particularly mesothelioma. Additionally, he may testify that Plaintiff's exposure to asbestos contributed to his asbestos-related disease and/or asbestos-related cancer. Dr. Staggs may testify that Plaintiff requires and/or required medical monitoring, treatment and/or hospitalization (and the reasonable medical expenses therefore) as a result of his exposure to asbestos, asbestos-related disease, asbestos-related cancer, the progression and/or recurrence of this cancer, and associated health concerns.

Dr. Staggs may testify that medical knowledge indicated during the late 1920s and 1930s that asbestos could be hazardous and deadly, that it could cause cancer during the 1930's and 1940's, and that additional information continued to be provided about asbestos hazards in the 1950s, 1960s and 1970s. He may testify that it was known or knowable that asbestos and products containing asbestos, were hazardous and dangerous in those time frames.

Within his review of occupational histories and/or exposure, Dr. Staggs will address whether asbestos warnings or related hazard training occurred or whether it impacted use of engineering controls or personal protective equipment that would impact exposure.

Dr. Staggs may testify regarding bystander indirect exposure to asbestos, as well as the development of TLV's and PEL's, and whether specific exposures were a proximate and substantial factor in causing Plaintiff's asbestos-related disease. Dr. Staggs will address the nature and extent of Plaintiff's exposure.

Dr. Staggs may testify as to the health aspects of asbestos exposure and to his own personal and professional writings, publications and editorials; the amount of asbestos exposure it takes to cause cancer and other asbestos-related diseases; the historical aspects of the development of OSHA/NIOSH and the history of OSHA/NIOSH regulations and other governmental regulations regarding asbestos and asbestos exposure.

This doctor's opinions will be based upon his review of any and all medical records and health-related documents, any exposure related documents, including discovery materials, depositions and available chest x-rays and/or pathology reports, as well as his expertise in the

field, including experience and training, and his review of historical and more recent medical articles and journals. This doctor may testify that, based on a review of published information and unpublished data concerning the defendants' products, these products produce dangerous levels of asbestos dust that contributed to cause the Plaintiff's disease.

Dr. Staggs may testify about issues relating to the toxicity of specific asbestos fiber types, and that pure chrysotile asbestos causes mesothelioma. Dr. Staggs may testify that Chrysotile asbestos is potent in causing mesothelioma. Dr. Staggs may also testify that there is no known safe level of exposure to asbestos in terms of causation of mesothelioma and other asbestos-related cancers. Rebuttal Report of Dr. Staggs, dated March 19, 2020, is attached hereto as **Exhibit A.**

Dated: March 25, 2020                    DEAN OMAR BRANHAM SHIRLEY, LLP

                                         */s/ Benjamin H. Adams*
                                         Benjamin H. Adams, Esq.
                                         Jessica M. Dean, Esq.
                                         ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**
*In Re Toy Asbestos Litigation*
**U.S. District Court, Northern District of California**
**Case No. 4:19-cv-00325-HSG**

I am employed in the County of Dallas, State of Texas. I am over eighteen years of age and not a party to the within action; my business address is 302 N. Market Street, Suite 300, Dallas, Texas 75202.

On the date set forth below, I served the foregoing document(s) described as:

**PLAINTIFFS' DESIGNATION AND REPORT OF REBUTTAL EXPERT OF BRENT STAGGS, M.D.**

On all interested parties in this action as follows:

SEE SERVICE LISTED ATTACHED ON FILE & SERVEXPRESS

[] BY ECF: By electronically serving the documents described above via United States

District Court Electronic Case Filing website (CM/ECF notification system) on the

recipients designated on the electronic service list that is located on the PACER website.

[X] BY ELECTRONIC SERVICE: I caused the above document(s) to be served via File & ServeXpress pursuant to agreement by all parties authorizing electronic service in this matter, transmitting completely and without error through the approved vendor on all interested parties in this action as designated on the Transaction Receipt located on the File & ServeXpress website.

I declare under penalty of perjury, under the laws of the State of California that the above is true and correct.

Executed on March 25, 2020, at Dallas, Texas.

*/s/ Chelsea Weeks*
Chelsea Weeks

# EXHIBIT A

# Brent C. Staggs, M.D.

Diplomat, American Board of Pathology

1 Lile Court, Suite 101

Little Rock, Arkansas 72205

Phone (501) 831-0161

Fax (501) 202-1420

brentstaggs@comcast.net

March 19, 2020

RE: Toy Sr., Thomas H. (DOB May 25, 1935)

I, Brent C. Staggs, M.D., am over 18 years of age, being duly sworn, depose and state as follows:

I am a physician and partner with Pathology Laboratories of Arkansas, P.A. I received by medical degree from the University of Arkansas for Medical Sciences in 2001 and subsequently completed by residency training at the University of Arkansas for Medical Sciences Department of Pathology from 2001 thru 2007. During that time, I completed my fellowships in hematopathology and gastrointestinal pathology. During this time, I had extensive training in pulmonary pathology and molecular pathology, which I have continued to practice with interest throughout my career. I am board certified in Anatomic Pathology, Clinical Pathology and Hematopathology.

I am currently licensed to practice medicine in Arkansas, Alabama, Mississippi, Oklahoma and Texas. I have been a licensed Medical Review Officer since 2009, with re-certification in 2014. Since 2007 I have practiced with Pathology Laboratories of Arkansas, P.A. As part of my practice and on a daily basis, I examine numerous tissues, including tumor types and lung biopsies. I review molecular analysis of numerous types of pathology specimens, both tissue and blood, including molecular analysis of lung cancer and mesothelioma. I am the medical director for multiple laboratories including the largest clinical laboratory in the state of Arkansas, the Baptist Health Medical Center in Little rock. During my career, I have reviewed hundreds of cases of asbestosis,

1

asbestos related pleural disease, lung carcinomas and mesotheliomas, both in clinical practice and in the setting of medical legal consultation.  I have performed more than a thousand autopsies, which included individuals who suffered from asbestos-related diseases.  My qualifications are further described in my Curriculum Vitae (Exhibit 1).

I hold the following opinions to a reasonable degree of medical and scientific certainty based on my personal training, experience, knowledge, and expertise, as well as relevant literature, articles, studies, documents, and medical and scientific principles.  The methodology and bases for these opinions are generally accepted in the medical and scientific community.  While I do not agree with every position or statement of each document or reference cited, the materials and information discussed below are appropriate and sufficient to form a reliable basis for my opinions.  These are the types of foundational materials that I, as well as other medical doctors rely upon in our daily and standard practice of medicine to formulate opinions outside the medical legal consulting context.  This affidavit may be submitted in litigation to accompany case-specific medical reports and/or for general disclosures as a basis for my opinions and methodology.  This affidavit does not, nor is it intended to, state all of my opinions or all of the supporting materials on the related subject matter.

**Principles of Asbestos Related Diseases**

1. Asbestos is a term used to describe two families of naturally-occurring fibrous minerals, serpentine (chrysotile) and amphibole (actinolite, amosite, anthophyllite, crocidolite and tremolite).      Asbestos was mined for commercial purposes in Canada, South Africa, Italy, Australia, Rhodesia, Russia, United     States, and other countries, starting in the late 1800's.  The list of commercial uses for asbestos grew so long that by 1972, the uses were summarized into broad areas consisting of construction, floor tile, friction materials,    paper asphalt felts, packing and gaskets, insulation, textiles,  and other. Selikoff,    Irving J., and D.H.K. Lee.  Asbestos and Disease.  Academic Press, NY, 1978.

2. Asbestos disease in humans was described in reports in many countries  as early as late 1890's through the 1920's. In 1930     Merewether and Price

published an official government investigative report of conditions and health, problems, including       asbestosis, related to the asbestos industry in England. Merewether  then published a lengthy report of his findings in the United States in the same year.        Merewether, E.R.A.   The Occurrence of  Pulmonary  Fibrosis  and  Other  Pulmonary  Affections  in  Asbestos Workers. J  Indust. Hyg.  12:198-222, 239-257 (1930).    Castleman, B., Asbestos Medical    and Legal Aspects, 5th Ed., 2004.

3.      Asbestos was causally linked to cancer, starting with case reports, in the 1930's and 1940's.  Lynch, K. M. and W. Atmar Smith. Pulmonary asbestosis      III: Carcinoma of Lung in Asbestos-Silicosis.  Am. J. Cancer.    24:56 (1935).      In 1949,  additional  references  implicated  asbestos  as  a  cause  of  cancer. Asbestosis and Cancer of  the Lung, The Journal of   the      American     Medical Association (JAMA), Vol. 140, No. 15, pp. 1219-20 (1949);   Smith,          L., Pneumoconiosis and Lung Cancer, Compensation Medicine, Nov   (1949); Conklin, G., Cancer and Environment, Scientific American, Vol. 180, No. 1, Jan (1949).  By the 1950's, asbestos was well-known and accepted       as a cause of cancer.  Doll, R. Mortality from Lung Cancer in Asbestos      Workers.  Br. J. Ind. Med. 12 (2):81-86 (1955).  In addition, mesothelioma was      reportedly     caused by asbestos in a number of sources in the 1950's.  The fact that             asbestos caused mesothelioma was firmly established during  the 1960's.    For discussion, see Selikoff, Irving J., and D.H.K. Lee.   Asbestos and  Disease. Academic Press, NY,  1978 and Castleman, B., Asbestos  Medical and  Legal Aspects, 5th Ed., 2005.  Chapter 2 - Cancer.

4.      Asbestos is a known and complete carcinogen, so it both initiates and promotes cancer.  It has been demonstrated for decades through       scientific study that the inhalation of asbestos fibers of all types causes mesothelioma, lung cancer, as well as cancer of other sites.  In       addition to cancer, asbestos causes non-malignant diseases including asbestosis, pleural fibrosis, and pleural plaques. The  ability  for  all  types  of  asbestos  (amphibole,  chrysotile,  as  well  as  non-commercial  asbestiform  mineral  fibers)  to  cause  cancers  and  non-malignant disease is overwhelmingly accepted and agreed to by the medical and scientific community.     This  scientific  consensus  is  reflected  many  sources  and

3

publications, and the references contained therein, upon which I rely, including:

- Toxicological Profile for Asbestos. U.S. Department of Health and Human Services. Public Health Service. Agency for Toxic Substances and Disease Registry. Sept 2001.

- American Thoracic Society. Diagnosis and initial management of nonmalignant disease related to asbestos. Am J Respir Crit Care Med 2004; 170:691-715.

- IARC. Asbestors: Monograph on the Evaluation of Carcinogenic Risk to Man. Lyon: International Agency for Research on Cancer (1988). IARC: Monograph on the Evaluation of Carcinogenic Risks to Humans (2012); 100C:219-309.

- Helsinki Consensus Report. Asbestos, asbestosis and cancer: The Helsinki criteria for diagnosis and attribution. Scand J Work Environ Health 1997. Helsinki Consensus Report. Asbestos, asbestosis and cancer: The Helsinki criteria for diagnosis and attribution. Scand J Work Environ Health 2014.

- Henderson DW, Rodelsperger K, Woitowitz H-W, Leigh J. After Helsinki: A multidisciplinary review of the relationship between asbestos exposure and lung cancer, with emphasis on studies published during 1997-2004. Pathology 2004; 36:517-550.

- Welch et al., Asbestos exposure causes mesothelioma, but not this asbestos exposure: An amicus brief to the Michigan Supreme Court. Int. J. Occup. Environ. Health 13:318-327 (2007).

- American Conference of Governmental Industrial Hygienists. Asbestos: TLV ® Chemical Substances 7th Edition, ACGIH Report No.: Publication #7DOC-040 (2001).

4

- National Toxicology Program. Report on Carcinogens, Eleventh Edition. U.S. Dept. of Health and Human Services, Public Health Service (2005).

- Occupational Safety and Health Administration. Occupational exposure to asbestos; final rule. Federal Register, 59:40964-t 162 (1994).

- Environmental Protection Agency. Airborne Asbestos Health Assessment Update. Springfield VERMIFORM APPENDIX: NTIS; Report No.: EPA/600/8-84/003F (June 1986).

- World Health Organization. Chrysotile Asbestos. 2014; World Health Organization. Elimination of asbestos related diseases. Ref Type: Generic (2006).

- Collegium Ramazzini, The Case for a Global Ban on Asbestos. Environ Health Perspectives 118:897-901 (2010). Collegium Ramazzini, Comments on the 2014 Helsinki Consensus Report on Asbestos. Oct. 14, 2015. Collegium Ramazzini, Comments on the Causation of Malignant Mesothelioma, Oct. 14, 2015.

- World Trade Organization European Communities - Measures Affecting Asbestos and Asbestos - Containing Products. Report No.: WT/DS135/R (2000).

- Brody, A.R. "Asbestos". In: Comprehensive Toxicology, Pergamon Press, Vol. 8- Toxicol. of the Resp. system (Ed. R. Roth), pp. 393-413, 1997.

- Lemen RA. Dement JM, Wagoner JK. Epidemiology of asbestos-related diseases. Environ Health Perspect 1980; 34:1-11.

- Lemen RA. Chapter 5 - Epidemiology of Asbestos-related Diseases and the Knowledge that Led to What is Known Today. In: Dodson RF, Hammar SP (Eds.), Asbestos: Risk Assessment, Epidemiology, and Health Effects, 2nd ed. CRC/Taylor & Francis, 2011:131-267.

5

- Stayner L, Welch LS, Lemen R. The worldwide pandemic of asbestos-related diseases. Annu Reveals Public Health 2013; 34:205-216.

- Markowitz, S., Asbestos-Related Lung Cancer and Malignant Mesothelioma of the Pleura: Selected Current Issues, Seminars in Respiratory and Critical Care Medicine, Vol 36, No 3/2015.

- Kanarek, MS. Mesothelioma from Chrysotile Asbestos: Update. Ann Epidemiol 2011;21(9) 688-697.

- Dodson RF, Hammar SP, eds. Asbestos: Risk Assessment, Epidemiology, and Health Effects, 2nd Ed. Boca Raton: CRC Press/Taylor & Francis Group, 2011. Note: 1st edition published in 2006.

- Dail and Hammar's Pulmonary Pathology, 3rd Ed. Vols I and II. New York: springer, 2008.

- Kumar V, Abbas AB, Fausto N, Aster JC (eds). Robbins and Cotran Pathologic Basis of Disease, 8th Ed. Philadelphia, PA: Saunders/Elsevier, 2010.

- Suzuki, et al., Asbestos tissue burden study on human malignant mesothelioma, Ind. Health, 39:150-160(2001); Suzuki, et al., Asbestos Fibers Contributing to the Induction of Human Malignant Mesothelioma. Ann. N.Y. Acad. Sci. 982: 160-176 (2002); Suzuki, et al., Short, thin asbestos fibers contribute to the development of human malignant mesothelioma; pathological evidence. Int. J. Hyg. Environ Health 208: 201-210 (2006).

- Gao Z, et al., Asbestos Textile Production Linked to Malignant Peritoneal and Pleural Mesothelioma in women: Analysis of 28 Cases in Southeast China, American Journal of Ind. Med. 58:1040-1049 (2015).

5.    Asbestos shows a linear dose-response relationship with regard to the risk of developing mesothelioma, lung cancer and non-malignant asbestos

diseases.   It is demonstrated in multiple studies that the more asbestos a person is exposed to over time, the higher the risk of developing an asbestos related disease. See above     references;     see     also     Pitot, Fundamentals of Oncology; 4th Ed., Marcel Dekker, NY, 2002.   This risk is related to the cumulative dose    of asbestos inhaled over time, and all doses (small and large) of asbestos contribute to the cumulative dose.    When more asbestos fibers are inhaled, more asbestos fibers overcome the body's defense mechanisms, which increases the risk and causes an asbestos disease(s) in some individuals.

6.    When asbestos is inhaled, a portion of asbestos fibers are retained in the lungs and others are translocated to other sites where disease develops. Miserocchi et al., Translocation pathways for inhaled asbestos fibers, Environ. Health 7:4;1-8 (2008).  Mesothelioma occurs when asbestos fibers cause multiple/sufficient  genetic errors in mesothelial cells around the  lungs (pleura), the  abdomen (peritoneal), the heart (pericardium), or the reproductive organs (tunica vaginalis).  All types of asbestos induce genetic errors.  Kamp, D.W. Asbestos-induced lung diseases: An update.    Translational  Res.  153: 143-152, 2009. Hei, T.K. et al. Chrysotile is a strong  mutagen  in  mammalian cells.  Cancer Res. 52: 6305-9, 1992.    Harris, C.C., Lechner, J.G. and Brinkley, B.R., Cellular and Molecular Aspects of Fiber Carcinogenesis.  Cold Spring Harbor Lab Press, NY, 1991.  It often takes many decades (latency period) for a sufficient number of genetic errors to result in a mesothelioma, as the body has    defense mechanisms which destroy defective cells.

7.    I am in agreement with the methodology discussed and employed by IARC, ATSDR and others, which includes looking at all available   evidence  regarding the dangers of asbestos.  This weight of evidence approach is consistent with the Bradford Hill Criteria that is often          referenced, as well as  Dr.  Lemen's application. Lemen, R.A., Chrysotile.   Asbestos as a Cause of Mesothelioma: Application of the Hill Causation Model, Int. J Occup Environ Health, Vol. 10, No. 2, Apr/June 2004.

8.    All governmental and authoritative agencies have reviewed appropriate scientific studies and literature and  all  have  determined  that  there  is  no  safe  level

(threshold) of asbestos exposure below which there is no risk of cancer. Asbestos exposure limits allowed by government regulations are not, nor were they intended to be protective of cancer. See referenced sources, including EPA, NIOSH, USPHS, OSHA, and WHO. Rather, these allowances are a compromise between industry feasibility, industry resistance to asbestos regulations, and the protective goals of the agencies. The scientific community knows that exposure to asbestos at the regulatory levels will result in excess cancers.

9.   The potency of fiber types to cause mesothelioma and lung cancer is an unsettled issue. Numerous studies have reported potency differences between chrysotile and amphiboles and many theories and explanations exist. Markowitz SB, 2015. The IARC Monograph on asbestos from 2012 reported there is a high degree of uncertainty concerning the accuracy of the relative potency estimates derived from the Hodgson & Darnton and Berman & Crump analyses. Further complicating the issue is mixed-fiber exposure, which regularly occurs in individuals with asbestos caused cancer. See also, Patty's Toxicology, Sixth Ed. Vol 5. Chapter 83. John Wiley & Sons, 2012.

10.   Mesothelioma is a rare and fatal cancer, reportedly occurring in approximately 3,000 persons per year in the United States. Although there are likely more cases that are not identified in tumor surveillance programs. The relationship between mesothelioma and exposure to asbestos is so well established in the scientific community, that mesothelioma is considered a "signal tumor" for asbestos exposure. See also, Reference Manual on Scientific Evidence, Federal Judicial Center 1994 and 2000 Editions, p. 351, "There are some diseases that do not occur without exposure to an agent; these are known as signature diseases." See also Shy, Greenberg, Winn, Sentinel Health Events of Environmental Contamination: A Consensus Statement, Nov. 1, 1989; ATSDR, Case Studies in Environmental Medicine: Asbestos Toxicity, Rev. Nov. 2000. Thus if a person has mesothelioma, it signals that they likely had prior asbestos exposure, even if they are not aware of such exposures or do not remember them from many years earlier. It is also possible that upon biopsy or autopsy, no asbestos fibers are

8

found, yet asbestos fibers were previously present, which caused genetic errors leading to mesothelioma.

11.  It has been established that household/take-home and neighborhood exposures cause mesothelioma.  See supra para 4, and see also, Wagner, 1960 (Neighborhood); Newhouse, 1965 (Household and Neighborhood); Lieben  and Pistawka, 1967 (Household, Neighborhood and Low Dose p.561 patients 1Q - 10Q); Selikoff and Lee, 1978, p 265-275 (Household and Low Dose); Hillerdal, 1999 (Household, Neighborhood and Low Dose); Magnani, 2000 (Household, Neighborhood, and Low Dose); Ferrante, Mirabelli, et al, 2015, (Household, Neighborhood and Low dose).

12.  It has been established that lower range and short-term exposures (often characterized as "lose dose") cause mesothelioma.  See supra para 4 and  para 11 and see also Greenberg, 1974; Chen, W., 1978; Iwatsubo, 1998; Magnani, 2000; Rodelsperger, 2001; Skammeritz, 2011; LaCourt, 2014; Offermans, 2014. and Markowitz, S., 2015.

13.  Studies have also shown that lower doses of asbestos exposure increase  the risk of lung cancer.  Van der Bij S, Koffijberg H, Lenters Vk, et al. Lung Cancer Risk at Low Cumulative Asbestos Exposure-Response Relationship.  Cancer Causes Control, 2013; 24(1):1-12.  Further, asbestos caused lung cancer may occur without the presence of asbestosis.  Although if asbestosis is present, the risk of lung cancer increases even        more because if demonstrates a greater exposure to asbestos.  Markowitz SB, Levin SM, Miller A, Morabia A. Asbestos, asbestosis, smoking and lung cancer.  New findings from the North American insulator cohort.  Am J Respir Crit Care Med. 2013; 188(1):90-96.  Markowitz SB, 2015.  See also, Gustavason P, Nyberg F, Pershagen G, Scheele P, Jakobsson R, Plato N.   Low-Dose Exposure to Asbestos and Lung Cancer: Dose-Response Relations and interaction with Smoking in a Population-based Case-Referent Study in Stockholm, Sweden. Am J Epidemiol. 2002; 155(11):1016-1022.

14.  The mechanisms by which asbestos causes mesothelioma and lung cancer are now being borne out more clearly with on-going research.  Similar to        other malignancies, asbestos cancers happen only after a series of numerous

deleterious mutations occur over time. A single mutational event does not "cause" a mesothelioma or lung cancer by chance. Inhaled asbestos fibers are either directly carcinogenic to exposed cells or they induce inflammation and that inflammation causes mutational events in exposed cells. It takes multiple mutations to "drive" the malignant cell population. This mechanistic approach explains how multiple or cumulative exposures contribute to the development of a mesothelioma or lung cancer.

15.     In genetically susceptible individuals, a lower level of asbestos exposure will be needed to develop or cause asbestos cancer, as opposed to a less susceptible individual. A given individual's susceptibility to asbestos cancer cannot usually be identified; however, there has been recent interest in this area. Most notably, there have been studies involving mutation of the BAP1 gene locus, which determined that those with BAP1 are predisposed to developing malignant mesothelioma. The BAP1 gene was found to cause dysregulation of inflammation induced by asbestos.

16.     It is my opinion that mesothelioma and lung cancer are dose-response diseases that are caused by the cumulative exposures to asbestos that a person received during their lifetime, minus an appropriate latency. By "dose" I mean the amount of asbestos inhaled over a given time period. By "exposure" I do not mean a single fiber, rather I am referring to thousands and millions of asbestos fibers commonly released by asbestos containing products. An exposure or dose is defined by the context of a given case, i.e. exposure related to a premises, employer, specific product etc. By "dose-response" I mean that the more asbestos exposures someone has, the more likely it is that they will have a response to the dose, like development of a cancer. It is the cumulative dose that causes the repeated changes and mutations that result in the cancer. Although all exposures large and small must be considered to create a given individual's cumulative dose, not all parts of the cumulative dose are significant contributors. The issue of significant contributing parts of an individuals overall cumulative dose cannot be defined by a single cutoff number or calculation of exposure because we are all different biologic organisms with different susceptibilities. The issue of significance must be considered by weighing all of the pertinent and available

10

factors related to that individual's exposures. As a physician, I never deal with a patient who presents with a pre-calculated cumulative dose such as a numeric value (i.e. fiber/cc years). A physician considers exposures to substances based on the history given by the patient. A few of the factors are how closely a patient worked with a product, how often the products was used and in what manner. These are only a few of the factors to consider when assessing the significance of one part of a cumulative dose. This is the same semiquantitaive approach that I and other physicians use to evaluate toxic exposures (not just to asbestos) in my daily practice. This approach is summarized in the 2012 article Assessing specific causation of mesothelioma following exposure to chrysotile asbestos-containing brake dust (Freeman MD, Kohles SS. Assessing specific causation of mesothelioma following exposure to chrysotile asbestos-containing brake dust. Int J Occup Environ Health. 2012 Oct-Dec;18(4):329-36.)

You have asked for my opinion regarding the diagnosis of Mr. Toy's disease, and whether his disease was caused by exposure to asbestos. I have reviewed medical records and pathology materials of Mr. Toy, as well as a work history containing asbestos exposure information provided by the Dean, Omar, Branham, Shirley law firm.

**CLINICAL HISTORY:**

Progress note (July 25, 2013) indicated evaluation of an abnormal chest x-ray with a history of asbestos related pleural disease, asbestosis and a history of smoking. Smoking history was reported as one pack per day for 30 years having quit in 1970. Prior work for the government and shipyards as a machinist reportedly resulted in significant asbestos exposure for about 14 years. An abnormal chest x-ray was evaluated. CT scan from May 2013 reportedly showed bilateral calcified pleural plaques and mild sub pleural fibrosis at the lung bases. Mr. Toy reportedly denied shortness of breath. Social history again indicated past occupational asbestos exposure. Physical examination identified bilateral crackles upon auscultation. The assessment indicated Mr. Toy had significant asbestos exposure during work in shipyards for about 14 years with CT scan showing evidence of asbestos related pleural disease and the examination including CT scan confirming mild asbestosis.

11

Pulmonary consultation note (September 19, 2018) indicated a chief complaint of pleural effusion with a history of benign prostatic hypertrophy, chronic kidney disease, hypercholesterolemia, hypertension and asbestosis. Progressive shortness of breath was noted over the preceding two – four weeks. Prior CT scan reportedly showed bilateral calcified pleural plaques and a recent chest x-ray identified a moderate left pleural effusion and pleural plaques. The assessment indicated pleural effusion and pneumoconiosis due to asbestos.

Procedure note of thoracentesis (September 26, 2018) indicated obtaining 1760 mL of hemorrhagic pleural fluid.

Consultative report (September 27, 2018) indicated presentation with a left pleural effusion. CT scan identified bilateral pleural plaques consistent with the history of asbestos exposure. Social history indicated prior asbestos exposure while working for the government. A history of smoking one pack of cigarettes per day for 20 years, 40 years previous, was reported.

Operative report of video assisted thoracoscopy identified multiple areas of pleural plaque covering the entire pleura from the apex to the diaphragm within the left chest. Multiple biopsies were obtained.

Consultative report (October 4, 2018) indicated a diagnosis of "malignant mesothelioma". A history of prior asbestos exposure was reported. Multiple pleural based nodules were reportedly biopsied and proven to be malignant mesothelioma. Malignant mesothelioma was deemed to be unresectable. Treatment options were discussed.

Discharge summary (October 4, 2018) indicated a primary diagnosis of "malignant mesothelioma".

Office note (October 10, 2018) indicated presentation for discussion of treatment options regarding a new diagnosis of malignant pleural mesothelioma, epithelioid type.

Death certificate from the state of California listed the cause of death as "mesothelioma, etiology unknown".

**RADIOLOGY REPORTS:**

Chest x-ray (September 15, 2018) identified right pleural calcification likely representing calcified pleural plaque.

CT scan (September 27, 2018) identified a small residual left pleural effusion and asbestos related pleural disease with probable parenchymal scarring in the right lung base.

**PATHOLOGY REPORTS:**

Report from Butler Memorial Hospital (CN 18 – 1509, September 27, 2018) diagnosed a left pleural fluid specimen as "atypical cells present". Atypical cells reportedly stained positive for CK 5/6, calretinin and WT1 but negative for MOC 31, TTF1 and Napsin A.

Report from Butler Memorial Hospital (CN 18 – 1524, October 1, 2018) diagnosed a left pleural fluid specimen as "atypical cells present".

Report from Butler Memorial Hospital (SU 18 – 16234, October 1, 2018) diagnosed multiple left pleura biopsies all as "malignant mesothelioma". The comment reported tumor cells positive for calretinin, CK 5/6, WT1, D2 40, CD 141 and focal/weak MOC 31 but negative for TTF1 and Napsin A. The histologic and staining patterns were all reported as supporting the diagnosis of malignant mesothelioma.

**PATHOLOGY MATERIALS:**

I received one paraffin block label "CN 18 – 1509". I created one H&E stained glass slide. Microscopic examination demonstrated cellblock section of a fluid specimen showing blood elements along with clusters of large malignant epithelioid cells. Scattered malignant cells showed large irregular, round and oval nuclei with multiple prominent nucleoli and voluminous eosinophilic cytoplasm. Tumor cells were arranged in small clusters. No gland, mucin or keratin formation was detected.

I received one paraffin block labeled "CN 18 – 1524". I created one H&E stained glass slide. Microscopic examination demonstrated cellblock section of a fluid specimen showing copious blood elements and innumerable clusters of large malignant epithelioid cells. Tumor cells were identical to those described above showing large pleomorphic nuclei with vesicular chromatin and abundant cytoplasm.

13

I received three paraffin blocks all labeled "SU 18 – 16234". I created one H&E stained glass slide from each block. Microscopic examination demonstrated sections of parietal pleura and chest wall soft tissue extensively involved by a malignant epithelioid neoplasm. Tumor cells were again identical to those seen in fluid specimen. Tumor cells were large with moderate to marked pleomorphism showing large irregular, round and oval nuclei with vesicular chromatin, mitotic figures and abundant eosinophilic cytoplasm. Tumor cells were arranged in nests and sheets with destructive invasion throughout pleura and into chest wall soft tissues. No gland, mucin or keratin formation was detected. No alveolar lung parenchyma was available for review.

Based on my review of records and tissues, my diagnosis is as follows:

Pleural fluid, left, thoracentesis (CN18 – 1509 & 1524):

- **Primary Pleural Malignant Mesothelioma, epithelioid type.**

Parietal pleura, left, biopsies (SU 18 – 16234):

- **Primary Pleural Malignant Mesothelioma, epithelioid type.**

**ASBESTOS EXPOSURE HISTORY:**

An asbestos exposure history letter provided by the Dean, Omar, Branham, Shirley law firm reports Mr. Toy was exposed to asbestos from approximately 1953 until 1980 while serving in the United States Army, as a Marine machinist at Hunters Point Naples Shipyard, and as a maintenance machinist at Treasure Island Naval Station. From approximately 1953 through 1959, Mr. Toy served as a wheel vehicle mechanic and then a motor sergeant. His job was to maintain the Army's fleet of vehicles during this time. The Army had approximately 50, 2 ½ ton, ¾ ton, and ¼ ton vehicles. Mr. Toy performed brake, clutch, and gasket work on the vehicles, including sending of new clutches and brakes and blowout of brake drums and clutch discs with compressed air during removal. He worked in a motor pool next to other mechanics. The motor pool had 50 bays. There was no ventilation. Spent eight hours a day during this time period in the motor pool working on and around others working on the Army's fleet of vehicles. He swept up dust from his work every day.

14

From approximately 1962 through 1973, Mr. Toy worked as a Marine machinist at Hunter's Point Naval Shipyard. As a result, Mr. Toy was exposed daily to asbestos containing gaskets and insulation associated with valves, pumps, turbines, generators, compressors and steam traps. His duties included the installation and removal of asbestos-containing gasket materials and the removal of asbestos-containing insulation materials. From approximately 1974 until 1980, Mr. Toy worked as a maintenance machinist at Treasure Island Naval Shipyard. He received daily exposure from asbestos gaskets and insulation associated with steam traps, valves, pumps and compressors. His duties included daily removal and replacement of asbestos-containing insulation and gaskets associated with valves, pumps, and compressors, and the installation and removal of brakes and clutches as a professional vehicle mechanic for approximately six months.

Mr. Toy was also exposed to asbestos-containing brakes, clutches and gaskets while performing work on his family vehicles from the early 1950s until 2016.

**EXPERT REPORTS:**

Report by Dr. Victor Roggli (February 25, 2020) reported receiving pathology materials similar to those outlined above from cases CN – 18 – 1509 and SU – 18 – 16234.  Dr. Roggli did not report having reviewed the original pathology reports from Butler Memorial which definitively diagnosed malignant pleural mesothelioma and outlined the immunohistochemical staining pattern entirely diagnostic of mesothelioma.  Dr. Roggli agreed that the gross distribution of tumor as reported by imaging studies and as seen by the surgeon were indicative of malignant pleural mesothelioma. He reportedly performed his own immunohistochemical stains and he reports tumor cells positive for pancytokeratin, CAM 5.2, MNF116, claudin 4, calretinin and CK 5/6 with focal positive staining for nuclear P 40. He reported tumor cells negative for WT1, D2 40 and TTF1. Based on these results indicates his tumor most likely represents squamous cell carcinoma of the lung.

ANALYSIS:

Dr. Roggli reports an immunohistochemical staining pattern different from the original treating facility. At this point based only on the evaluation of the reports of Butler Memorial and Dr. Roggli, the clinical features along with a majority of the

15

immunohistochemical stains performed are in favor of the diagnosis of malignant mesothelioma.

**SUMMARY:**

Based on my review of the medical records including pathology materials, I conclude that Mr. Toy had malignant mesothelioma of the pleura.   The exposure history of Mr. Toy provided to me identifies a significant history of asbestos exposure. Mr. Toy developed malignant mesothelioma after an appropriate latency period following his first known exposures to asbestos.

The occurrence of mesothelioma is associated with asbestos exposure, and mesothelioma is considered by many sources to be a signal tumor, meaning it signals prior asbestos exposure.  Scientifically and medically speaking, it is not one asbestos fiber or one exposure, to the exclusion of other exposures that causes a person's mesothelioma.  Mesothelioma is caused by the totality of asbestos exposures, often called cumulative dose, that an individual is exposed to over his or her lifetime, taking into account an appropriate latency period.  A mesothelioma occurs only after repeated exposures to asbestos over time, which in turn causes repeated damage to the mesothelial DNA and leads to mutations.   It is well established that even brief or low exposures to asbestos can cause mesothelioma; however, it is also important to recognize that mesothelioma is a dose response disease.  That means from an epidemiologic perspective, the greater the dose of asbestos, the greater the chance a given individual will develop mesothelioma, thus smaller exposures contribute smaller risks and larger exposures contribute larger risks.  It is well established that exposure to both chrysotile and amphibole asbestos causes malignant mesothelioma.  When I review an individual's exposure to asbestos and evaluate the causation of disease, as I have done in this case, I do not state that any contributor to the cumulative dose, no matter how small, is a significant factor to the development of mesothelioma.   Rather, I review, evaluate, and consider the information available to me about an individual's identified exposures to asbestos, and only after that review will I consider causation and attribution of the asbestos exposures.  My review is done in the context of additional opinions and foundation as stated in my affidavit of April 15, 2016, provided separately or attached to this report.

16

Based on the information available to me, that I have reviewed in this case and is described above, Mr. Toy had significant exposures to asbestos over his working lifetime. It is my opinion to a reasonable degree of medical certainty that Mr. Toy has a malignant mesothelioma that was caused by these identified and substantial exposures to asbestos.

I will supplement or amend this report as appropriate, if additional information becomes available.

Sincerely,

Brent C. Staggs, M.D.

17

# Brent C. Staggs, M.D.

Diplomat, American Board of Pathology

1 Lile Court, Suite 101

Little Rock, Arkansas 72205

Phone (501) 831-0161

Fax (501) 202-1420

brentstaggs@comcast.net

August 2, 2019

## Curriculum Vitae

**Email Address:**          brentstaggs@comcast.net

**Born:**          October 17, 1975

**Education:**

Bachelor of Science, Magna cum Laude, Biology, Ouachita Baptist University, Arkadelphia, AR, 1998.

Doctor of Medicine, University of Arkansas College of Medicine

Little Rock, Arkansas, 2001.

**Postgraduate Training:**

Residency in Pathology, University of Arkansas for Medical Sciences, Little Rock, Arkansas, July 2001 thru June 2003 and July 2005 thru June 2007.

1

Fellowship in Hematopathology with James A. Waldron M.D. PhD, University of Arkansas for Medical Sciences, Little Rock, Arkansas, July 2003 thru June 2004.

Fellowship in Gastrointestinal Pathology with Laura W. Lamps M.D., University of Arkansas for Medical Sciences, Little Rock, Arkansas, July 2004 thru June 2005.

Special training and interest in: Molecular Pathology, Pulmonary Pathology and Dermatopathology.

**<u>Medical License:</u>**

Arkansas Active/Unlimited; Issued 2002.  #E-3430

Mississippi Active/Unlimited; Issued 2013.  #22403

Oklahoma Active/Unlimited; Issued 2013.  #29737

Texas Active/Unlimited; Issued 2013.  #P7211

Alabama Active/Unlimited; Issued 2014. #MD.33150

**<u>Board Certificates:</u>**

Diplomate American Board of Pathology, Anatomic Pathology, 2007.

Diplomate American Board of Pathology, Clinical Pathology, 2007.

Diplomate American Board of Pathology, Hematology, 2007.

Medical Review Officer Certification Council, Certified Medical Review Officer, 2009.  Re-certified 2014.

**Honors/Activities:**

Medical School: American Medical Association Foundation Scholarship Award Winner

Guest lecturer at Oklahoma and Arkansas regional meeting of medical technologists, "Plasma Cell and Diseases", May 2000.
Guest speaker "Alternative testing methods in employee workplace testing", 2011 annual HRMA Arkansas conference.

Guest lecturer at the annual conference of the Human Resource Management Association of Arkansas, 2011 and 2012.

**Teaching:**

University of Arkansas College of Medicine, sophomore pathology course lecturer (2002 thru 2007) in:

-Gastrointestinal pathology section: lectures in large intestinal neoplasia, hepatic tumors, hepatitis morphology, pancreas and biliary tract disease.

-Hematopathology section: lectures in lymphomas and lymphoproliferative diseases of the gastrointestinal tract, Acute Myeloid Leukemias, Chronic Myeloproliferative Disorders, Myelodysplasias, Langerhans Cell disease, and disorders of the spleen.

-Infectious disease pathology: lectures in hepatitis and gastrointestinal tract infections
-Orthopedic pathology: lecture in degenerative joint diseases
-Vascular Pathology and vasculitis.
-Pulmonary Pathology:  lectures in medical lung disease and neoplasia.

**<u>Research:</u>**

Staggs B., Smoller B. The Role of Mast Cells in the Evolution of Dermatofibromas.  Presented at United States and Canadian Association of Pathology annual meeting, March, 2002.

Staggs B., Joseph L., Pappas A.  Free Light Chain Multiple Myeloma: Clinical Features and Correlation of a Sensitive Free Light Chain Assay (Freelite™) to Bone Marrow Morphology.  Presented at the United States and Canadian Association of Pathology annual meeting, February, 2003.

Staggs B., Joseph L., Pappas A.  Clinical Utility of a Serum Light Chain Assay in Bence-Jones Disease.  Platform Presentation at the Association of Clinical Scientists annual meeting, May, 2003.

Staggs B., Pappas A.  Comparison of Serum Quantitative Free Light Chains (Freelite™) to Serum Quantitative Total Light Chains in Patients with Recurrent Multiple Myeloma.  Presented at College of American Pathologists annual meeting, September, 2003.

Staggs B., Fan K.  Prostatic Adenocarcinoma; a Correlation of Morphologic Grade and Special Stains to Evaluate their Predictive Value of Malignancy

Staggs B., Joseph L.  Using Serum Free Light Chain Measurements to Predict Bone Marrow Involvement by Amyloid in Patients with Multiple Myeloma

Staggs B., Joseph L.  Correlation of Ki-67 Evaluation by Immunohistochemistry versus Flow Cytometry in Patients with Multiple Myeloma

McElreath D, Staggs B.  T-cell Prolymphocytic Leukemia:  A rare cause of acute liver failure.  Digestive Diseases and Sciences; April, 2006.

Staggs B, Fender B, Joseph L.  Freelite™; A New Laboratory Tool to Aide in Monitoring Multiple Myeloma after Treatment.  Presented at the IBMTR/ABMTR annual meeting, February, 2004.

Staggs B, Waldron J. Ulcerative Jejunitis-Like Presentation of EBV related Hodgkin Lymphoma in a Patient with B-cell Chronic Lymphocytic Leukemia/Small Lymphocytic Lymphoma.  Presented at the annual "Regional Hematopathology Conference", June, 2004.

Staggs B., Smoller B. The Role of Mast Cells in the Evolution of Dermatofibromas. Submitted for publication.

Staggs B, Joseph L., Pappas A. Free Light Chain Multiple Myeloma:  Clinical Features and Correlation of a Sensitive Serum Free Light Chain Assay (Freelite™) to Bone Marrow Morphology.  Submitted for publication.

**Professional Employment:**

July 2007 – Present, Pathology Laboratories of Arkansas, P.A., Partner/Pathologist

**Hospital Privileges:**

Baptist Health Medical Center, Little Rock.
Baptist Health Medical Center, North Little Rock.
Baptist Health Medical Center, Arkadelphia.

5

Baptist Health Medical Center, Heber Springs.

Baptist Health Medical Center, Stuttgart.

Baptist Health Medical Center, Conway.

Baptist Health Rehabilitation Institute.

Baptist Health Long Term Acute Care.


**<u>CLIA Laboratory Medical Directorships:</u>**

Arkansas Gastroenterology

Baptist Health Medical Center, Little Rock

Baptist Health Medical Center, North Little Rock

Baptist Health Medical Center, Eye Center

# Expert Testimony, Brent Staggs M.D.

2010 –

Cox vs. McClure. Dallas County, AR.  Expert for the defense.  Deposition 9/2010.  Mariam Hopkins (Anderson, Murphy & Hopkins)


2011 -

Smith vs. Crossroads.  Boone County, AR.  Expert for the defense.  Deposition 5/2011.  Kyle Heffley (Mitchell Williams)

Cox vs. McClure. Dallas County, AR.  Expert for the defense.  Trial testimony 9/2011.  Mariam Hopkins (Anderson, Murphy & Hopkins)


2012 -

Dawkins vs. Moore.  Phillips County, AR.  Expert for the defense.  Deposition 5/2012.  Ken Cook (Mitchell Williams)

Williams vs. Oman. Expert for the defense.  Deposition 7/2012. Kyle Heffley (Mitchell Williams)

Nashed vs. St. Vincent, Jauss.  Pulaski County, AR.  Expert for the defense.  Deposition 9/10/2012.  Mariam Hopkins (Anderson, Murphy & Hopkins)

Nashed vs. St. Vincent, Jauss.  Pulaski County, AR.  Expert for the defense.  Trial testimony 11/2012.  Mariam Hopkins (Anderson, Murphy & Hopkins)


2013 -

Miller vs. Alcatel-Lucent USA, Inc., et al.  Expert for the Plaintiff.  Deposition 7/2/2013.  Randy Gori (Gori Julian).

Ringer vs. Building Service Industrial Supply, Inc., et al.  Expert for the plaintiff.  Desposition 9/4/2013.  Jill Rakauski (Penn Rakauski).

1

2014 -

Miller (Estate of Steve Bell) vs. Phillips Hospital Corp., et al.  Phillips County, AR.  Expert for the defense.  Deposition 2/11/2014.  Jason Hendren (Friday Firm).

Hagar (Estate) vs. Shull, M.D. Crittenden County AR.  Expert for the defense.  Deposition 3/2014.  David Glover (WLJ).

Spink vs. BNSF.  Expert for the plaintiff.  Deposition 7/2014.  Mark Berry (Sammons & Berry).

Hagar (Estate) vs. Shull, M.D. Crittenden County, AR.  Expert for the defense.  Trial testimony 7/2014.  David Glover (WLJ).

Daughhetee, Eldon & Campbell, Billy Joe.  Expert for the plaintiff.  Deposition 10/14/2014.  Gori Julian.


2015 -

James Dixon and Dave Foose vs. Georgia Pacific. Madison County, IL.  Expert for the plaintiff.  Deposition 1/8/2015.  Shrader & Associates (Ross Stomel).

Carol Albertin vs. American Sterilizer Co.  Cole County, MO.  Expert for the plaintiff.  Deposition 2/5/2015.  Simmons Firm (Shane Hampton).

Leimkuhler vs. Ashley Health.  Benton County, AR.  Expert for the plaintiff.  Deposition 3/2/2015.  Odom Law Firm (Alan Lane).

Leimkuhler vs. Ashley Health.  Benton County, AR.  Expert for the plaintiff.  Trial testimony 3/19/2015.  Odom Law Firm (Alan Lane).

Klomfas vs. Arkansas Mill Supply.  Expert for the plaintiff.  Deposition testimony 3/19/2015.  Simmons Firm (Shane Hampton).

Fordyce vs. Tarkington USA et al.  Expert for the plaintiff.  Deposition testimony 4/15/2015.  Ed Moody.

Gonzales vs. BNSF.  Expert for the plaintiff.  Deposition testimony.  4/28/2015.  Jones Granger (Kevin Camp).

Van Houten vs. Avondale Shipyard et al.  Expert for the plaintiff.  Deposition testimony 12/17/2015.  Shrader Firm (Matt McLeod).

2016 -

Mathes v Rogers.  Expert for plaintiff.  Deposition testimony 4/10/2016.  Gori Julian law firm.

Broughton, James.  Expert for plaintiff.  Deposition testimony 5/17/2016. SWMK law firm.

Lemuz vs. BNSF.  Expert for the plaintiff.  Deposition testimony 6/22/2016.  Jones Grainger law firm.

Meador, Gary.  Expert for the plaintiff.  Deposition testimony 8/18/2016.  Sloan Bagley law firm.

Harper, Keith.  Expert for the plaintiff.  Deposition testimony 9/28/2016.  Motley Rice law firm.

Fowler, Ronald vs. Honeywell et al.  Expert for the plaintiff. Deposition testimony 10/19/2016.  Brayton Purcell law firm.

Blackford-Cleeton vs. AK Steel Corp et al.  Expert for the plaintiff.  Deposition testimony 12/1/2016.  Simmons law firm.

Price, John.  Expert for the plaintiff. Trial testimony Baltimore, MD 12/6/2016.  Peter G. Angelos law firm.

Cutler, William.  Expert for the plaintiff.  Deposition testimony. 12/16/2016.  Gori Julian law firm.


2017 –

Mahoney, Russell.  Expert for the plaintiff.  Deposition testimony 1/2/2017.  Brayton Purcell law firm.

Hillmeyer, Roger.  Expert for the plaintiff.  Deposition testimony 1/4/2017.  Bullock Campbell Bullock law firm.

Giovanni, Janice.  Expert for the plaintiff.  Deposition testimony 1/8/2017.  Robins Cloud law firm.

Paterniti, Sebastian. Expert for the plaintiff.  Deposition testimony 1/23/2017.  Dean Omar Branham law firm.

Berry, Lynda.  Expert for the plaintiff.  Deposition testimony 1/24/2017.  Dean Omar Branham law firm.

Potthast, Jayson.  Expert for the defense.  Deposition testimony 2/8/2017.  Munson Rowlett Boone law firm.

Guffey, Jane.  Expert for the defense.  Deposition testimony 2/9/2017.  Wright Lindsey Jennings law firm.

Gaddis, Mitchell.  Expert for the plaintiff.  Deposition testimony 3/2/2017.  Gori Julian law firm.

Brammer, Charles.  Expert for the plaintiff.  Deposition testimony 4/19/2017.  Dean Omar Branham law firm.

Chavez, Rosetta; Robertson, Larry; Barnard, George.  Expert for the plaintiff.  Deposition testimony 4/24/2017.  Gori Julian law firm.

Berry, Lynda.  Expert for the plaintiff.  Trial testimony Monroe, LA, 5/2/2017.  Dean Omar Branham law firm.

Gordon, Steven.  Expert for the plaintiff.  Deposition testimony 5/11/2017.  Gori Julian law firm.

Unick, Philip.  Expert for the plaintiff.  Deposition testimony 6/12/2017.  Dean Omar Branham law firm.

Casterline, Paul.  Expert for the plaintiff.  Deposition testimony 6/14/2017.  Brayton Purcell law firm.

Foucha, Ernest. Expert for the plaintiff.  Deposition testimony 6/29/2017.  SWMW law firm.

Alfaro, Robert.  Expert for the plaintiff.  Deposition testimony 7/6/2017.  Brayton Purcell law firm.

Incrocci, Nicole v Family Care.  Expert for the defense.  Deposition testimony 7/10/2017.  McLaren Black law firm.

Birkle, Thomas v BNSF.  Expert for the plaintiff.  Trial testimony 7/31/2017.  Jones Granger law firm.

Harp, Vernon & Anderson, Virgil.  Expert for the plaintiff.  Deposition testimony 8/15/2017.  SWMW law firm.

Saffo, Vincent v BNSF.  Expert for the plaintiff.  Deposition testimony 8/22/2017.  Jones Granger law firm.

Ritter v Marsh.  Expert for the defense.  Trial testimony 9/19/2017. Kutak Rock law firm.

4

Strothers.  Expert for the plaintiff.  Deposition testimony 9/20/2017.  Brayton Purcell law firm.

Morgan v Avondale.  Expert for the plaintiff.  Deposition testimony 9/25/2017.  Barron Budd law firm.

Crowe, Clyde & Siegert, David.  Expert for the plaintiff.  Deposition testimony 10/16/17.  MRHFM law firm.

Esvelt, Jane.  Expert for the plaintiff.  Deposition testimony 10/24/2017.  Simmons law firm.

McDonald, Craig.  Expert for the plaintiff.  Deposition testimony 10/26/2017.  Robins Cloud law firm.

Kaklis, John.  Expert for the plaintiff.  Deposition testimony 10/30/2017.  Robins Cloud law firm.

Baker, Phillip.  Expert for the plaintiff.  Deposition testimony 11/1/2017.  Robins Cloud law firm.

Hetzel, James.  Expert for the plaintiff.  Deposition testimony 11/2/2017.  Brayton Purcell law firm.

Rymer, Carl.  Expert for the plaintiff.  Deposition testimony 11/8/2017.  Gori Julian law firm.

Chartrand, Opal & Keeney, Harley. Expert for the plaintiff.  Deposition testimony 11/14/2017.  Simmons law firm.

Price, Ellis.  Expert for the plaintiff.  Deposition testimony 11/28/2017.  Gori Julian law firm.


2018 –

Diaz, Louis.  Expert for the plaintiff.  Deposition testimony 1/11/2018.  Baron Budd law firm.

Esvelt, Jane.  Expert for the plaintiff.  Trial testimony 1/16/2018.  Simmons law firm.

Richard, Robert.  Expert for the plaintiff.  Deposition testimony 1/25/2018.  Baron Budd law firm.

Saffo, Vincent.  Expert for the plaintiff.  Trial testimony 1/29/2018.  Jones Granger law firm.

Sale, Donald.  Expert for the plaintiff.  Deposition testimony 2/5/2018.  Brayton Purcell law firm.

Beach v Johnson.  Expert for the defense.  Deposition testimony 2/7/2018.  Mitchell Williams law firm.

Smith, Charlotte v CBS corporation.  Expert for the plaintiff.  Deposition testimony 2/28/2018.  Dean Omar Branham.

Sizemore, James v CBS corporation.  Expert for the plaintiff.  Deposition testimony 3/1/2018.  Dean Omar Branham.

England, Diane.  Expert for the plaintiff.  Deposition testimony 3/7/2018.  Ben Vinson law firm.

Hawkins, William.  Expert for the plaintiff.  Deposition testimony 3/8/2018.  MRHFM law firm.

Holman, Audrey.  Expert for the plaintiff.  Deposition testimony 3/12/18.  Bailey Peavy Baily law firm.

Ottaviano, Alan.  Expert for the plaintiff.  Deposition testimony 3/13/2018.  Robins Cloud law firm.

Gregory, Gordon.  Expert for the plaintiff.  Deposition testimony 3/28/2018.  Gori Julian law firm.

Huff, Roger.  Expert for the plaintiff.  Deposition testimony 3/29/2018.  SWMW law firm.

Whitby, Latwon.  Expert for the plaintiff.  Deposition testimony 4/19/2018.  Lundy Lundy law firm.

McDonald, Craig.  Expert for the plaintiff.  Trial testimony via video.  4/26/2018.  Robins Cloud law firm.

Brady, Joseph.  Expert for the plaintiff.  Deposition testimony.  4/30/2018.  Barron Budd law firm.

Moore, Gerald.  Expert for the defense.  Deposition testimony.  5/17/2018.  Lee Futrell Perles law firm.

Thomas, Ronald.  Expert for the plaintiff.  Deposition testimony 5/24/2018.  Dean Omar Branham law firm.

Richard, Robert.  Expert for the plaintiff.  Trial testimony via video 6/4/2018.  Baron Budd law firm.

6

Ripple, James & Sander, Stanley.  Expert for the plaintiff.  Deposition testimony 6/5/2018.  Peter Angelos law firm.

Hare, Robert.  Expert for the plaintiff.  Deposition testimony 6/7/2018.  SWMW law firm.

Kinney, Wendell.  Expert for the plaintiff.  Deposition and trial testimony via video 6/18/2018.  SWMW law firm.

Riccoboni, Dante & Sahm, Roger.  Expert for the plaintiff.  Deposition testimony 6/19/2018.  Weitz & Luxenberg law firm.

Fiebiger, James.  Expert for the plaintiff.  Deposition testimony 7/2/2018.  Simmons law firm.

Moyer, Glenn & Johnson, Betty.  Expert for the plaintiff.  Deposition testimony 8/2/2018.  Gori Julian law firm.

Chiacchieri, Joseph.  Expert for the plaintiff.  Deposition testimony 8/27/2018.  MRHFM law firm.

Reed, Michael.  Expert for the plaintiff.  Deposition testimony 8/28/2018. Simmons law firm.

Barr, Barbara.  Expert for the plaintiff.  Deposition testimony 8/29/2018.  MRHFM law firm.

Mertz, Clarence.  Expert for the plaintiff.  Deposition testimony 9/5/2018. Simmons law firm.

Verworn, Jerry.  Expert for the plaintiff.  Deposition testimony 9/6/2018.  Brayton Purcell law firm.

Ripple, James.  Expert for the plaintiff.  Trial testimony 9/13/2018.  Peter Angelos law firm.

Donaghey, Milton.  Expert for the plaintiff.  Deposition testimony 9/24/2018.  Dean Omar Branham law firm.

Skinner, James.  Expert for the plaintiff.  Deposition testimony 10/1/2018.  SWMW law firm.

Kinman, Bruce.  Expert for the plaintiff.  Deposition testimony 10/15/2018.  Brayton Purcell law firm.

Harrison, Richard.  Expert for the plaintiff.  Deposition testimony 10/16/2018.  Motley Rice law firm.

7

Startley, Ronnie.  Expert for the plaintiff.  Deposition testimony 10/22/2018.  Baron Budd law firm.

Evans, Sheryl, Curry, John & Pollakov, Ruth.  Expert for the plaintiff.  Deposition testimony 10/23/2018.  Gori Julian law firm.

Guillot, Linda.  Expert for the defense.  Deposition testimony 10/25/2018.  Irwin Fritchie law firm.

Connor, Franics.  Expert for the plaintiff.  Video trial testimony 10/26/2018.  MRHFM law firm.

Melancon, Tyrone.  Expert for the defense.  Deposition testimony 11/1/2018.  Irwin Fritchie law firm.

Lickert, Paul.  Expert for the plaintiff.  Deposition testimony 11/7/2018.  Simmons law firm.

Hendrix, Kenneth.  Expert for the plaintiff.  Deposition testimony 11/13/2018.  Simmons law firm.

Hale, Dale.  Expert for the plaintiff.  Deposition testimony 11/14/2018.  Baron Budd law firm.

Startley, Ronnie.  Expert for the plaintiff.  Trial testimony 12/10/2018.  Baron Budd law firm.

Sylvester Jr., Walter.  Expert for the defense.  Deposition testimony 12/12/2018.  Irwin Fritchie law firm.

Voinche, Dewey.  Expert for the plaintiff.  Deposition testimony 12/13/2018.  Robins Cloud law firm.

Delaney, Linda.  Expert for the defense.  Deposition testimony 12/17/2018.  Chimpoulis & Hunter law firm.

Krentz, Sarah.  Expert for the plaintiff.  Deposition testimony 12/18/2018.  SWMW law firm.


2019 -

Hollingshead, Carroll.  Expert for the plaintiff.  Deposition testimony 1/2/2019.  Baron Budd law firm.

Barnes, Everett.  Expert for the plaintiff.  Deposition testimony 1/10/2019.  SWMW law firm.

8

Harris, Richard. Expert for the plaintiff. Deposition testimony 1/29/2019. J.B. Harris law firm.

Odom, Kenneth. Expert for the plaintiff. Deposition testimony 1/30/2019. Baron Budd law firm.

Foucha, Ernest. Expert for the plaintiff. Trial testimony 1/31/2019. SWMW law firm.

Tamplain, Lionel. Expert for the plaintiff. Deposition testimony 2/4/2019. MRHFM law firm.

Harris, Richard. Expert for the plaintiff. Trial testimony 2/20/2019. Richard Diaz law firm.

Greene, Ella Fay. Expert for the plaintiff. Deposition testimony 2/21/2019. Dean Omar Branham law firm.

Manring, Albert. Expert for the plaintiff. Deposition testimony 2/25/2019. Simmons law firm.

Nolen, Linda. Expert for the plaintiff. Deposition testimony 2/27/2019. Dean Omar Branham law firm.

Medlin, Michael. Expert for the plaintiff. Deposition testimony 3/4/2019. Dean Omar Branham law firm.

Anderson, Cecil. Expert for the plaintiff. Deposition testimony 3/5/2019. Brayton Purcell law firm.

Sivert, Ralph. Expert for the plaintiff. Deposition testimony 3/6/2019. Dean Omar Branham law firm.

Collyer, John. Expert for the plaintiff. Deposition testimony 3/7/2019. Satterley and Kelley law firm.

Jenkins, Julius. Expert for the plaintiff. Deposition testimony 3/11/2019. Brayton Purcell law firm.

McMaster, Ronald. Expert for the plaintiff. Deposition testimony 3/13/2019. Waters Kraus law firm.

Uzee, Atney. Expert for the plaintiff. Deposition testimony 3/26/2019. Baron Budd law firm.

Dyer, Ronald. Expert for the defense. Deposition testimony 4/1/2019. Irwin Fritchie law firm.

9

Sizemore, James.  Expert for the plaintiff.  Deposition testimony 4/4/2019.  Dean Omar Branham law firm.

Hare, Robert.  Expert for the plaintiff.  Trial testimony 4/5/2019.  SWMW law firm.

Burford, Georganne.  Expert for the plaintiff.  Deposition testimony 4/10/2019.  Bailey Cowan Heckaman law firm.

Zwetz, Carson.  Expert for the defense.  Deposition testimony 5/9/2019.  Wright Lindsey Jennings law firm.

Wood, Michael.  Expert for the defense.  Deposition testimony 5/15/2019.  Friday law firm.

Bennett, Alfred.  Expert for the plaintiff.  Deposition testimony 5/22/2019.  Gori Julian law firm.

Ross, Allister.  Expert for the plaintiff.  Deposition testimony 5/28/2019.  Simmons Hanly Conroy law firm.

Brady, Terry.  Expert for the plaintiff.  Deposition testimony 5/29/2019.  Gori Julian law firm.

Rowland, Donald.  Expert for plaintiff.  Deposition testimony 5/30/2019.  Baron Budd law firm.

Hayes, Charles.  Expert for the plaintiff.  Deposition testimony 6/3/2019.  Dean Omar Branham law firm.

Deem, Thomas.  Expert for the plaintiff.  Deposition testimony 6/10/2019.  Dean Omar Branham law firm.

Robinson, Theresa.  Expert for the defense.  Deposition testimony 6/11/2019.  Irwin Fritchie law firm.

Beverage, Charles.  Expert for the plaintiff.  Deposition testimony 6/12/2019.  Dean Omar Branham law firm.

Cole, Larry N.  Expert for the plaintiff.  Deposition testimony 6/27/2019.  Baron Budd law firm.

Steib, Charles.  Expert for the defense.  Deposition testimony 7/2/2019.  Irwin Fritchie law firm.

Kane et al (multiple plaintiffs).  Expert for the plaintiff.  Deposition testimony 7/23/2019.  Lundy Lundy law firm.

Zwetz, Carson.  Expert for the defense.  Trial testimony 7/29/2019.  Wright Lindsey Jennings law firm.

Graham, Theodore.  Expert for the plaintiff.  7/29/2019.  Baron Budd law firm.

Scott, James.  Expert for the plaintiff.  Deposition testimony 7/30/2019.  Simmons Hanly Conroy law firm.

Schwartz, Helen.  Expert for the plaintiff.  Deposition testimony 8/1/2019.  SWMW law firm.

Suter, Robert.  Expert for the plaintiff.  Deposition testimony 8/5/2019.  SWMW law firm.

Jeter, Dennis.  Expert for the plaintiff.  Deposition testimony 8/12/2019.  Simmons Hanly Conroy law firm.

Bennett, Alfred.  Expert for the plaintiff.  Trial testimony 8/15/2019.  Gori Julian law firm.

Jones, Ronald.  Expert for the plaintiff.  Deposition testimony 8/19/2019.  Peter Angelos law firm.

Jones, William.  Expert for the plaintiff.  Deposition testimony 8/21/2019.  Simmons Hanly Conroy law firm.

Fourcheux, Timothy.  Expert for the plaintiff.  Deposition testimony 8/23/2019.  Robins Cloud law firm.

Brelsford, Kenneth.  Expert for the plaintiff.  Deposition testimony 8/26/2019.  Dean Omar Branham law firm.

Lorbiecki, Gerald.  Expert for the plaintiff.  Deposition testimony 9/18/2019.  Dean Omar Branham law firm.

Dardar, Ingrid.  Expert for the plaintiff.  Deposition testimony 10/1/2019.  Baron Budd law firm.

Hilburn, Grant.  Expert for the plaintiff.  Deposition testimony 10/16/2019.  Simmons Hanly Conroy law firm.

Berger, Michael.  Expert for the plaintiff.  Deposition testimony 10/17/2019.  Gori law firm.

McAllister, James.  Expert for the plaintiff.  Deposition testimony 10/21/2019.  Simmons Hanly Conroy law firm.

Mahoney, Russell.  Expert for the plaintiff.  Deposition testimony 10/23/2019.  Brayton Purcell law firm.

Murray, William.  Expert for the plaintiff.  Deposition testimony 11/4/2019.  Brayton Purcell law firm.

Garon, Suzanne.  Expert for the plaintiff.  Deposition testimony 11/5/2019.  Roma Arata law firm.

Sanders, John & Tanner, Frank.  Expert for the plaintiff.  Deposition testimony 11/7/2019.  Weitz & Luxenberg law firm.

12

# Brent C. Staggs, M.D.

Diplomat, American Board of Pathology

1 Lile Court, Suite 101

Little Rock, Arkansas 72205

Phone (501) 831-0161

Fax (501) 202-1420

brentstaggs@comcast.net

April 6, 2019

LEGAL CASE FEE SCHEDULE

Review = $450.00 per hour

Diagnostic report (few records and sides) = $1,050.00

Causation report (few records, work history and few slides) = $1,750.00

- Hourly rate is used when only records are reviewed or if records/slides are voluminous and then hourly rate is charged over the base report fees.

Testimony (deposition and trial) = $600.00 per hour

Testimony (daily rate if out of town) = $5,000.00 per day plus expenses.