# EXHIBIT G

<u>APRIL 2, 2020  VIA CM/ECF</u>

      Re:       <u>*In re Toy Asbestos Litigation (Case No. 4:19-cv-00325)*</u>

Dear Magistrate Judge Donna M. Ryu:

Ingersoll-Rand Company ("IR") submits this discovery letter brief regarding plaintiffs' expert, Dr. Brent Staggs, whose report was served on March 25, 2020 and to which IR timely objected. (Exs. A and B.) IR seeks to exclude Dr. Staggs, his report and any reliance thereon on the basis that: Dr. Staggs is not a rebuttal expert, did not provide a proper rebuttal report and his report was untimely. Plaintiffs and IR met and conferred on March 20 and 26, 2020 regarding all issues prior to filing this letter. **Parties were unable to submit a joint letter as the evening before it was due, instead of providing plaintiffs' position, plaintiffs submitted a completely revised version, with a new issue of Roggli's timeliness, to which plaintiffs had not objected or met and conferred.  Moreover, they stipulated to the timing and noticed his deposition. (Ex. E.)**

**Relevant Case Management Deadlines**:  Pursuant to Judge Gilliam Jr.'s modified scheduling order, fact discovery closed December 13, 2019, opening expert reports were due February 17, 2020, rebuttal reports were due March 9, 2020, deadlines to depose experts (plaintiffs April 6, 2020) (defendants April 27, 2020), dispositive motions by May 6, 2020, last day to hear such motions is June 4, 2020, pretrial conference July 14, 2020, and trial July 27, 2020. **His Standing Order states that "the parties may not stipulate to move the dates set for the dispositive motion hearing deadline, the final pretrial conference, or the trial."(Para 12.)**

**Facts**: Plaintiffs disclosed experts on February 17, 2020, but not Dr. Staggs. Plaintiffs' medical causation expert, Dr. Brodkin, deposed on March 6, 2020, testified that he relied on Dr. Staggs January 3, 2020 report. This report was not previously disclosed and was not referenced in Dr. Brodkin's report. IR objected to the use of Dr. Stagg's opinions.[1] Plaintiffs stipulated to the exclusion of the Staggs report and stated that Dr. Staggs would issue a rebuttal to IR's expert, Dr. Roggli. (Ex. C.) Due to Dr. Roggli falling ill, plaintiffs and IR stipulated that Dr. Roggli's report may be served on February 27, 2020. (Ex. D.). Dr. Roggli's report stated that his testing on pathology materials showed that Mr. Toy had developed lung cancer, not mesothelioma. IR received the proposed rebuttal on March 25, 2020. Dr. Staggs' June 2019, January 2020, and March 2020 "rebuttal" reports are all nearly identical, with the exception of one small portion in the March 2020 report that purports to address Dr. Roggli's opinions.

**Issue No. 1: Whether Dr. Staggs is a proper rebuttal expert.** Courts disallow use of rebuttal experts to introduce evidence more properly part of a party's case-in-chief. *Sil-Flo, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1990 U.S. App. LEXIS 19130. "The plaintiff who knows that the defendant means to contest an issue that is germane to the prima facie case (as distinct from an affirmative defense) must put in his evidence on the issue as part of his case in chief." *Braun v. Lorillard, Inc.*, 84 F.3d 230, 237 (7th Cir. 1996); *Baldwin Graphics Sys., Inc. v. Siebert, Inc.*, No. 03-CV-7713, 2005 WL 1300763, at *2 (N.D. Ill. Feb. 22, 2005) The exclusion sanction is self-executing, and "is thus automatic and mandatory unless the party to be sanctioned can show that its violation of Rule 26(a) was either justified or harmless." *Jimena v. UBS AG Bank*, 2010 U.S.

---

[1] In October 2019, Plaintiffs disclosed in discovery that Dr. Staggs issued a June 2019 report opining that decedent had mesothelioma as part of their package to the JT Thorpe asbestos bankruptcy trust seeking compensation.

Re: *In re Toy Asbestos Litigation (Case No. 4:19-cv-00325)*

Dist. LEXIS 117596, 2010 WL 4644408, at *15 (E.D. Cal. Nov. 5, 2010), quoting *Salgado v. General Motors Corp.*, 150 F.3d 735, 142 (7th Cir. 1998); *see also Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001); *Torres v. City of L.A.*, 548 F.3d 1197, 1213, 2008 U.S. App. LEXIS 23799. The Ninth Circuit found that "even absent a showing in the record of bad faith or willfulness, exclusion is an appropriate remedy for failing to fulfill the . . . disclosure requirements of Rule 26(a)." *Yeti by Molly*, 259 F.3d at 1106, citing *Ortiz- Lopez v. Sociedad Espanola de AuxilioMutuoy Beneficiencia de Puerto Rico*, 248 F.3d 29, 34 (1st Cir. 2001).

Dr. Staggs' expert rebuttal pathology report should have been served on February 17, 2020. Plaintiffs allege Mr. Toy developed mesothelioma as a result of exposure to asbestos from IR's products and subsequently passed away due to his mesothelioma. There is no dispute that plaintiffs bear the burden of proving that decedent had mesothelioma in the first instance. There is no reasonable explanation why plaintiffs, who appreciated their burden and had a report in their possession since at least April 2019, failed to timely serve Dr. Staggs' report at the time initial reports were due, on February 17, 2020, as they did with other experts. IR has been prejudiced because (1) it was blindsided by Dr. Staggs' report at Dr. Brodkin's deposition, (2) IR has insufficient time to allow its pathology expert and causation expert to examine Dr. Staggs' report and issue a rebuttal, and (3) IR has insufficient time to prepare for Dr. Staggs' deposition before the offer date of April 1, 2020, or even the cut-off date of April 6, 2020. Accordingly, IR respectfully requests that this Court exclude Dr. Staggs, his report and any reliance thereon.

**Issue No. 2: Whether Dr. Staggs' report is properly limited to disproving or contradicting IR's corresponding expert, Dr. Roggli.** Rebuttal evidence is "evidence which attempts to 'disprove or contradict' the evidence to which it contrasted." *Tanberg v. Sholtis*, 401 F.3d 1151, 1166 (10th Cir. 2005) (citing Black's Law Dictionary 579 (7th ed. 1999)). A party may not use a rebuttal expert to introduce new legal theories. *103 Investors I, L.P. v. Square D Co.*, 372 F.3d 1213, 1218 (10th Cir. 2004). Dr. Roggli's report addresses the three pathology materials he reviewed and his own immunohistochemical staining performed on one of the pathology materials, and concludes that decedent did not have mesothelioma. Only one section entitled "Expert Reports" at page 15 in Dr. Staggs' rebuttal report attempts to disprove or contradict Dr. Roggli's entire report. Dr. Staggs' 17-page report mainly introduces new subject matters and theories that were not addressed by Dr. Roggli, such as the principles of asbestos related disease, and are more appropriately placed in plaintiffs' prima facie case. As to the attempted rebuttal paragraph, it states very clearly that Dr. Staggs, without doing any staining of his own or having any information that he did not already have in his prior undisclosed reports, decided Dr. Roggli was likely wrong. This bare opinion does not meet the rebuttal standard of evidence.

**Issue No. 3: Whether Dr. Stagg's rebuttal report was timely disclosed.** Dr. Roggli's report was timely served on February 27, 2020. Based on the modified order, rebuttal reports are due twenty-one days after (February 27, 2020), or March 19, 2020. Plaintiffs did not serve Dr. Staggs' rebuttal report until March 25, 2020. Because IR was blindsided by Dr. Staggs' report at Dr. Brodkin's deposition, IR could not properly prepare. If plaintiffs are permitted to access the undisclosed opinions of Dr. Staggs, they can unfairly revive Dr. Brodkin's opinions.

April 2, 2020   Kurt L. Rasmussen, Lead Trial Attorney for Defendant, Ingersoll-Rand Company

*KtL Rasmussen*