Jessica M. Dean, Esq. (CSBN 260598)
Benjamin H. Adams, Esq. (CSBN 272909)
**DEAN OMAR BRANHAM SHIRLEY, LLP**
302 N. Market Street, Suite 300
Dallas, Texas 75202
Telephone: (214) 722-5990
Facsimile: (214) 722-5991
jdean@dobslegal.com
badams@dobslegal.com
Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re Toy Asbestos Litigation* | Case No. 4:19-cv-00325-HSG <br><br> **PLAINTIFFS' RESPONSE TO DEFENDANT INGERSOLL-RAND COMPANY'S MOTION TO STRIKE PLAINTIFF'S EXPERT DR. BRENT STAGGS, HIS OPINIONS AND REPORTS, AND ANY RELIANCE THEREON** <br><br> **[Filed concurrently with the Declaration of Benjamin Adams; [Proposed] Order]** <br><br> Date: May 21, 2020 <br> Time: 2:00 p.m. <br> Dept.: Courtroom 2 <br> Judge: Hon. Haywood S. Gilliam, Jr. <br><br> Trial Date: July 27, 2020 <br> Date Removed: January 18, 2019 |

1

PLAINTIFFS' RESPONSE TO DEFENDANT INGERSOLL-RAND COMPANY'S MOTION TO STRIKE PLAINTIFF'S EXPERT DR. BRENT STAGGS, HIS OPINIONS AND REPORTS, AND ANY RELIANCE THEREON

# I.

# INTRODUCTION

Defendant Ingersoll-Rand Company seeks to exclude Plaintiffs' rebuttal expert, Dr. Brent Staggs, as untimely. (Dkt. #399).[1] Plaintiffs concede that the disclosures of both Dr. Staggs and defense expert Dr. Victor Roggli were untimely under the Court's scheduling order, which states that dates in the order *"may only be altered by order of the Court and only upon a showing of good cause."* No party in the case has obtained, or even sought, a court order altering the expert disclosure dates for Dr. Staggs or Dr. Roggli. The disclosures of Dr. Staggs and Dr. Roggli are therefore both untimely under the Court's current scheduling order. As such, Plaintiffs do not oppose exclusion of Dr. Staggs based on violation of the scheduling order if such an order applies equally to all parties in the case. If, however, the court believes Dr. Roggli's report was somehow timely, then Dr. Staggs's rebuttal report must also be proper and timely because it seeks to directly address the late-disclosed diagnostic opinions offered by defense expert Dr. Roggli. As shown herein, Dr. Staggs's report was disclosed within 30 days of Dr. Roggli's report. Defendants' motion should therefore be granted, but only if it applies equally to all parties in the case who have violated this Court's scheduling order.

# II.

# FACTS

On June 26, 2019, the Court issued its initial scheduling order in this case, setting January 17, 2020 as the deadline for opening expert reports. (Dkt. #245). After the parties jointly requested an extension of this deadline, the Court extended the expert disclosure deadline by one month, to February 17, 2020. (Dkt. #348). In both orders, the Court cautioned all parties that all dates in the order *"may only be altered by order of the Court and only upon a showing of good cause."* (Dkt. #245; Dkt. #348).

---

[1] A number of other Defendants have joined the motion. (Dkt. Nos. 401-403).

PLAINTIFFS' RESPONSE TO DEFENDANT INGERSOLL-RAND COMPANY'S MOTION TO STRIKE PLAINTIFF'S EXPERT DR. BRENT STAGGS, HIS OPINIONS AND REPORTS, AND ANY RELIANCE THEREON

On the expert report deadline of February 17, 2020, Plaintiffs disclosed expert reports and disclosures from Dr. Carl Brodkin and Dr. Arnold Brody. Similarly, on the expert disclosure deadline of February 17, 2020, Defendants served numerous expert reports.

Ten days after the expert disclosure deadline, on February 27, 2020, Defendants Armstrong and Ingersoll-Rand served Dr. Roggli's expert report. (**Ex. 1**, 2/25/20 Report of Dr. Roggli).[2] While Plaintiffs had agreed to an extension for Dr. Roggli's report, Defendants never asked this Court for an order modifying the Court's scheduling order (Dkt. #348). Dr. Roggli's report was therefore untimely.

In Dr. Roggli's untimely report, he stated for the very first time that Mr. Toy died of lung cancer, not mesothelioma. This brand new opinion had never previously been disclosed or held by any treating physician or medical expert in the case. All of Mr. Toy's treating physicians, who have no interest in the outcome of this lawsuit, diagnosed him with malignant mesothelioma. (**Ex. 2**, 10/3/18 surgical pathology report). His death certificate, signed by two physicians, lists his only cause of death as mesothelioma. (**Ex. 3**, Mr. Toy's death certificate). None of defendants' numerous medial causation experts disputed Mr. Toy's diagnosis and death from mesothelioma.

Plaintiffs' expert Dr. Brodkin was deposed on March 6, 2020. He testified that, among other materials, he had reviewed and relied upon a report from Dr. Staggs dated January 3, 2020. (**Ex. B to Deenihan Decl.**, Brodkin Dep. at 14, 42). Plaintiffs had not disclosed Dr. Staggs' previous report because, as described above, there had been no dispute that Mr. Toy died of mesothelioma. And the only point of Dr. Staggs' report is that Mr. Toy died of mesothelioma. Since that opinion was not in dispute, Plaintiffs had not disclosed or relied on Dr. Staggs or had him prepare a full federal disclosure. However, once Defendants served Dr. Roggli's report ten days after the deadline and first disputed Mr. Toy's diagnosis of mesothelioma, Plaintiffs asked Dr. Staggs to prepare a rebuttal report to Dr. Roggli's brand new late-disclosed opinion.

---

[2] All exhibits are attached to the Declaration of Benjamin Adams.

PLAINTIFFS' RESPONSE TO DEFENDANT INGERSOLL-RAND COMPANY'S MOTION TO STRIKE PLAINTIFF'S EXPERT DR. BRENT STAGGS, HIS OPINIONS AND REPORTS, AND ANY RELIANCE THEREON

Dr. Staggs's rebuttal report was disclosed on March 25, 2020, 27 days after Dr. Roggli's report (i.e., within the 30-day time period to serve rebuttal reports). (**Ex. E to Deenihan Decl.**).

Plaintiffs attempted to resolve this matter by offering to withdraw Dr. Staggs as to all defendants who had not retained nor obtained a stipulation for Dr. Roggli's untimely report if defendants would agree to the same for Dr. Roggli. Adams Decl., ¶ 5. Defendants claimed these were "two separate issues" and refused to agree not to rely on Dr. Roggli. *Id.*

## III.
## LEGAL ARGUMENT

**A. The reports and disclosures of both Dr. Staggs and Dr. Roggli were untimely under the Court's scheduling order, and no party has sought a court order permitting the untimely disclosers.**

Defendants seek to exclude Dr. Staggs based, at least in part, on his report and disclosure being untimely under the Court's current scheduling order. Plaintiffs do not dispute this. However, it is also undisputable that Dr. Roggli's report was also untimely under the same order.

The deadline in the order for expert disclosures is February 17, 2020. (Dkt. #348). And the order is clear that this date can only be changed by a court order. Defendants, including Ingersoll-Rand, served Dr. Roggli's report ten days late on February 27, 2020, and never sought a court order amending the schedule. Sixty-three days have passed since Dr. Roggli's untimely disclosure, and defendants have not obtained, nor sought, an order relieving them of the February 17th deadline.

Similarly, plaintiffs concede Dr. Staggs's disclosure was untimely under the current schedule order. Rebuttal reports were due on March 9, 2020. Dr. Staggs disclosure and report were served sixteen days late on March 25, 2020. Plaintiffs, like defendants, have not sought an order amending the scheduling order.

If the Court intends to follow its mandate that the order *"may only be altered by order of the Court and only upon a showing of good cause,"* then both experts must be excluded.

**B. If the Court believes Dr. Roggli's report was timely, then Dr. Staggs's report is a proper rebuttal report.**

Defendants take the position that Plaintiffs should have somehow anticipated that they would argue Mr. Toy had lung cancer instead of mesothelioma. On the contrary, Plaintiffs had no reason to believe that there was any dispute about Mr. Toy's diagnosis as his treating physicians were in complete agreement he had mesothelioma, *all* other Plaintiffs' and defense experts in this case concluded he had mesothelioma, and Defendants had never given any indication they intended to dispute his mesothelioma diagnosis. Not only was there absolutely no indication whatsoever before February 27 that there was any dispute about Mr. Toy's diagnosis, but all of the adverse defense medical experts had actually affirmatively agreed in their expert reports that Mr. Toy was properly diagnosed and died of mesothelioma, not lung cancer. As such, there was no reason for Plaintiffs to prepare and disclose and offer for deposition an expert pathologist on an issue that was totally undisputed before Dr. Roggli's untimely opinion of February 27, 2020.

Rule 26(a)(2)(D)(ii) of the Federal Rules of Civil Procedure permits the admission of rebuttal expert testimony that is "intended solely to contradict or rebut evidence on the same subject matter identified" by an initial expert witness. "'The function of rebuttal testimony is to explain, repel, counteract or disprove evidence of the adverse party." *Van Alfen v. Toyota Motor Sales, U.S.A., Inc.*, No. 810ML02151JVSFMOX, 2012 WL 12930456, at *2 (C.D. Cal. Nov. 9, 2012) (quoting *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 749, 759 (8th Cir. 2006)). An expert "may need to include significant elaboration in a rebuttal report to challenge the asserts of the opponent's expert reports." *Pakootas v. Teck Cominco Metals, Ltd.*, CV–04–256–LRS, 2012 WL 1833397, at *1 (E.D. Wash. Apr. 4, 2012) (internal quotation marks and citation omitted).

Under these standards, Dr. Staggs's expert report properly contradicts and disproves Dr. Roggli's diagnostic opinions in this case. While Dr. Staggs included some explanation and materials regarding the causation of mesothelioma, this is entirely appropriate as the supporting reasoning for his opinion that Mr. Toy had mesothelioma caused by asbestos exposure. His discussion of mesothelioma causation is foundational to Dr. Staggs' opinions. His report, which

concludes Mr. Toy was diagnosed with and died of mesothelioma, is a proper rebuttal report to the opposite conclusion of Dr. Roggli under Federal Rule of Civil Procedure Rule 26(a)(2)(D)(ii).

Defendants' claim of prejudice from Dr. Staggs's diagnostic opinions should be rejected. Defendants were well aware that every other physician and expert in this case identified Mr. Toy's disease as mesothelioma. As noted, his mesothelioma diagnosis was so thoroughly accepted that there did not even appear to be any dispute about Mr. Toy's diagnosis until Dr. Roggli's late report. That Plaintiffs would seek to rebut Dr. Roggli's outlier opinion that Mr. Toy had lung cancer could not have been a surprise. Defendants have failed to give this Court any reason not to consider Dr. Staggs's report as a proper rebuttal report under Federal Rule of Civil Procedure Rule 26(a)(2)(D)(ii).

**C. Dr. Staggs's rebuttal report is timely under Federal Rule of Civil Procedure Rule 26(a)(2)(D)(ii).**

Experts who will be called solely for rebuttal purposes may be identified within 30 days after the opposing party's disclosures. FRCP 26(a)(2)(D)(ii). Here, Dr. Roggli's report was disclosed on February 27, 2020; Dr. Staggs rebuttal report was disclosed 27 days later on March 25, 2020. As such, Dr. Staggs' rebuttal report was timely disclosed within 30 days of Dr. Roggli's report pursuant to FRCP 26(a)(2)(D)(ii).

Defendants contend that Dr. Staggs's rebuttal report should have been served within 21 days of Dr. Roggli's report, notwithstanding the 30-day provision of FRCP 26(a)(2)(D)(ii), because this Court's modified case schedule required rebuttal reports to be served on March 9, 2020. Plaintiffs can hardly be held to the March 9 deadline given that Dr. Roggli's report was disclosed ten days late. While the March 9 deadline for rebuttal reports was 21 days after the February 17 deadline for initial reports, Defendants have failed to show that FRCP 26(a)(2)(D)(ii) does not apply here. The disclosure of Dr. Staggs's rebuttal report 27 days after Dr. Roggli's report should be considered timely.

## IV.

## CONCLUSION

For the foregoing reasons, the motion should be granted and the Court's scheduling order should apply equally to all parties. If, in the alternative, the Court believes Dr. Roggli's report was timely, then defendant's motion should be denied since Dr. Staggs's report was a timely rebuttal report to Dr. Roggli.

Dated: April 30, 2020

DEAN OMAR BRANHAM SHIRLEY, LLP

_____
Benjamin H. Adams, Esq.
Attorneys for Plaintiffs

# CERTIFICATE OF SERVICE BY ELECTRONIC FILING

*In Re Toy Asbestos Litigation*
U.S. District Court, Northern District of California
Case No. 4:19-cv-00325-HSG

I declare that I am over the age of eighteen (18) and not a party to this action. I am an employee of Dean Omar Branham Shirley, LLP, Counsel for Plaintiffs. My business address is 302 N. Market Street, Suite 300, Dallas, Texas 75202.

On April 30, 2020, I served the following entitled document:

**PLAINTIFFS' RESPONSE TO DEFENDANT INGERSOLL-RAND COMPANY'S MOTION TO STRIKE PLAINTIFF'S EXPERT DR. BRENT STAGGS, HIS OPINIONS AND REPORTS, AND ANY RELIANCE THEREON**

by electronic service via the Electronic Court Filing System (ECF) on all parties opting for e-service and is available for viewing and downloading form the Court's CM/ECF system.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 30, 2020.

*/s/ Chelsea Weeks*
Chelsea Weeks