United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE TOY ASBESTOS LITIGATION

Case No. 19-cv-00325-HSG

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO MODIFY SCHEDULING ORDER**

Re: Dkt. No. 417

Pending before the Court is Defendant Honeywell International Inc.'s motion to modify the Court's scheduling order. *See* Dkt. No. 417. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reason detailed below, the Court **GRANTS IN PART** and **DENIES IN PART** the motion.

## I. BACKGROUND

Plaintiffs Agnes Toy and Thomas H. Toy, Jr. filed this asbestos lawsuit on December 14, 2018, in Alameda Superior Court. *See* Dkt. No. 1-1, Ex. A. It was later removed to federal court, and on July 22, 2019, Plaintiffs filed a second amended complaint alleging that decedent Thomas Toy was exposed to asbestos and asbestos-containing products over the course of his life, beginning in 1953 while serving in the United States Army and as a civil service employee for the United States government. *See also* Dkt. No. 247. As a result of this exposure, Plaintiffs allege that Mr. Toy developed and ultimately died from malignant mesothelioma. *Id.* Defendant Honeywell is one of 42 Defendants[1] named in this lawsuit as a supplier of asbestos-containing brakes. *See id.* at ¶ 6.

---

[1] For purposes of this order, "Defendant," refers to Defendant Honeywell International Inc. unless otherwise indicated.

1     On June 26, 2019, the Court set case deadlines for all parties under Federal Rule of Civil Procedure 16. *See* Dkt. No. 245. On January 10, 2020, the Court granted in part the parties' request to modify the case schedule, extending the expert discovery and dispositive motions deadlines. *See* Dkt. No. 348. Under the revised schedule, opening expert reports were due February 17, 2020; rebuttal expert reports were due March 9, 2020; the deadline to depose Defendants' experts was April 27, 2020; and the deadline to file dispositive motions and *Daubert* motions was May 6, 2020. *Id.* Both the initial and amended scheduling orders cautioned that these dates could only be altered upon a showing of good cause. *See* Dkt. Nos. 245, 348. The parties' motions for summary judgment and *Daubert* motions were filed and are set for hearing on June 4, 2020. Nevertheless, Defendant now seeks to modify the Court's scheduling order to allow for a supplemental report and the deposition of one of its expert witnesses, Dr. Anil Vachani. *See* Dkt. No. 417.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 16(b) provides that the district court must issue a scheduling order that limits the time to join other parties, amend the pleadings, complete discovery, and file motions. *See* Fed. R. Civ. P. 16(b)(4). Once in place, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" requirement of Rule 16 "primarily considers the diligence of the party seeking the amendment." *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *see also* 6A Wright & Miller, et al., Fed. Prac. & Proc. § 1522.2 (3d ed. 2018) ("What constitutes good cause sufficient to justify the modification of a scheduling order necessarily varies with the circumstances of each case."). "The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609 (quotation omitted). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion . . . [i]f [the] party was not diligent, the inquiry should end." *Id.*

## III. DISCUSSION

Defendant contends that an extension of the Court's scheduling order is appropriate to

allow its pulmonology expert, Dr. Vachani, to supplement his expert report "based on newly obtained information" under Federal Rule of Civil Procedure 26(e). *See* Dkt. No. 417 at 1. Defendant further contends that an extension for Dr. Vachani's deposition is appropriate because he has been "on the front lines of the Covid-19 pandemic" and was thus unavailable before the April 27 deposition deadline. *Id.* The Court addresses each request in turn.

### A.   Supplement Expert Report

Defendant first argues that good cause exists to allow Dr. Vachani to supplement his expert report over three months after the deadline for its opening expert reports and a month after the close of expert discovery because Dr. Vachani recently received "new" information from Defendant's own expert pathologist, Dr. Allen Gibbs. *See id.* at 6. The Court is not persuaded that this constitutes good cause, and is concerned that the parties appear to have disregarded the Court's scheduling order repeatedly, serving expert reports on their own schedule.

On February 27, 2020, Co-Defendant Ingersoll-Rand Company untimely served the opening report of its pathology expert Dr. Victor L. Roggli. *See* Dkt. No. 472-7, Ex. 6. In his report, Dr. Roggli opined that Mr. Toy died from lung cancer and not from mesothelioma. *See id.* Defendant suggests that because of Dr. Roggli's expert report, its own experts—including its own expert pathologist—had to "render[] additional opinions." *See* Dkt. No. 482 at 5. Defendant thus explains that over two months after the Court's deadline for Defendant's opening expert reports, it served a supplemental expert report from Dr. Gibbs on April 22, 2020.[2] *Id.* In this supplemental report, Dr. Gibbs opined, like Dr. Roggli, that Mr. Toy's diagnosis was "likely to be a carcinoma rather than a mesothelioma" as alleged. *See* Dkt. No. 417-2, Ex. B at 63. Defendant does not offer any explanation as to why Dr. Gibbs, a pathologist himself, could not have rendered this same opinion in his opening expert report; why he required two months to prepare this supplemental report; or why it did not seek an extension of the Court's scheduling order at that time. *See, e.g.*, Dkt. No. 482-1 at ¶ 4.

In any event, Defendant gave Dr. Vachani a copy of this supplemental report on April 22,

---

[2] The Court notes that according to the cover letter, Defendant also served this supplemental report the day before Dr. Gibbs' deposition, on April 23, 2020. *See* Dkt. No. 417-2, Ex. B.

United States District Court
Northern District of California

2020. *See* Dkt. No. 417-2 at ¶ 3. However, Dr. Vachani has been caring for patients with COVID-19 since the middle of March. *See* Dkt. No. 482 at 3–4; *see also* Dkt. No. 482-2 at ¶ 3. And as a result, Defendant states that Dr. Vachani was unable to review Dr. Gibbs' supplemental report until recently. *See* Dkt. No. 482-2 at ¶ 4. Having now reviewed Dr. Gibbs' supplemental report, Dr. Vachani now has additional opinions that were not included in his initial report regarding Mr. Toy's smoking and whether Mr. Toy had asbestos-related lung cancer. *See* Dkt. No. 417 at 3–4, 7–8.

        The Court appreciates Dr. Vachani's efforts to care for patients during this unprecedented pandemic. Nevertheless, Defendant has not demonstrated its own diligence in seeking to supplement Dr. Vachani's expert report. The Court understands that the timeliness of Dr. Roggli's expert report is not at issue in this motion. However, it appears to have caused ripple effects that threaten the case schedule, since Defendant now seeks to rely on it as a basis for (1) explaining the need for and timing of Dr. Gibbs' supplemental report; and (2) extending the time for Dr. Vachani's supplemental report. This is precisely why the Court sets a case schedule and requires good cause to deviate from the imposed deadlines. The Court's schedule is designed to allow the parties to coordinate their expert reports as needed while still moving the case efficiently toward trial and final resolution. Yet Defendant does not appear to have coordinated between Dr. Gibbs and Dr. Vachani until near the close of expert discovery.

        Defendant may not sidestep this failure by relying on supplemental expert reports. Rule 26 is not an invitation to ignore case deadlines. To the contrary, Rule 26 requires that a party's expert witness disclose, in a written report, "a complete statement of all opinions the witness will express" at trial, and the basis and reasons for them, at the times directed by the Court. *See* Fed. R. Civ. P. 26(a)(2)(B)(i), (a)(2)(D). Moreover, as the Ninth Circuit has recognized, "[R]ule 26(e) creates a 'duty to supplement,' [but] not a right" to do so. *See Luke v. Family Care & Urgent Med. Clinics*, 323 Fed. App'x 496, 500 (9th Cir. 2009). The Ninth Circuit has cautioned that Rule 26(e) is not "a loophole through which a party who submits partial expert witness disclosures, or who wishes to revise [its] disclosures" may do so after the Court's deadline. *See id.*; *see also Mariscal v. Graco, Inc.*, 52 F. Supp. 3d 973, 983–84 (N.D. Cal. 2014) ("Although Rule 26(e)

obliges a party to supplement or correct its disclosures upon information later acquired, this does not give license to sandbag one's opponent with claims and issues which should have been included in the expert witness' report . . . ." (quotation omitted)).  Defendant appears to have supplemented its pathology expert's report only once it reviewed *other* expert reports (namely, Dr. Roggli's report regarding Mr. Toy's possible lung cancer).  And now Defendant seeks to supplement its pulmonology expert's report based on its pathology expert's supplemental report.  But this iterative approach invites gamesmanship and the Court's expert discovery deadlines would be rendered merely advisory were this permitted.  Neither the Federal Rules nor the Court's scheduling order contemplate a rolling production of expert reports in perpetuity.

      Additionally, granting Defendant's motion and allowing Dr. Vachani to supplement his expert report at this late stage would require the Court to re-open discovery and would significantly alter the case schedule.  That other Defendants' experts may have offered similar opinions that Mr. Toy died from lung cancer and not mesothelioma does not eliminate Plaintiffs' right to probe Dr. Vachani's opinions and proffer a rebuttal report as needed.  But the parties' dispositive motions have already been filed and are set to be heard by the Court in just over a week.  Having reviewed the circumstances of this case, the Court finds that Defendant has not met its burden and the Court declines to modify the case schedule to allow Defendant to supplement Dr. Vachani's expert report.

      **B.**    **Expert Deposition**

      Defendant next argues that good cause exists to allow Dr. Vachani to be deposed after the Court's April 27, 2020, deadline given his work during the COVID-19 pandemic.  Dr. Vachani's deposition was initially noticed for April 24, 2020.  *See* Dkt. No. 417-2, Ex. C.  However, Dr. Vachani has been caring for COVID-19 patients since mid-March, *see* Dkt. No. 482-2 at ¶ 3, and Defendant notified Plaintiffs on April 14 that Dr. Vachani was thus unavailable for his noticed deposition, *see* Dkt. No. 417-2, Ex. D.  Defendant said that it would offer a new deposition date as soon as one was available.  *Id.*  In exchange for a stipulation extending the deposition, Plaintiffs sought an agreement from Defendant that it would not supplement Dr. Vachani's report before the deposition.  *See id.*, Ex. H.  Defendant did not agree to this, *see id.*, Ex. I, and the Court

5

understands from the parties' briefs that as a result, Plaintiffs have not yet had an opportunity to depose Dr. Vachani.

The Court finds that in light of Dr. Vachani's work during the COVID-19 pandemic, he was unavailable for his noticed deposition and good cause exists to extend the deadline for his deposition. Although Plaintiffs suggest that they want the Court to deny Defendant's motion in its entirety, *see generally* Dkt. No. 472, the Court is inclined to allow Plaintiffs the opportunity to depose Dr. Vachani should they wish to do so.

## IV.  CONCLUSION

Accordingly, Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion to modify the case schedule. Defendant may not supplement Dr. Vachani's expert report, but Plaintiffs may depose Dr. Vachani after the expert discovery deadline. The parties are **DIRECTED** to meet and confer and submit a stipulation and proposed order within seven days of the date of this order that includes the parties' proposed deposition date; *Daubert* motion filing deadline; and *Daubert* hearing as to Dr. Vachani. If Plaintiff does not intend to depose Dr. Vachani, Plaintiff shall file a short status update so indicating.

Lastly, the Court reminds the parties that unless and until the Court orders otherwise, all case deadlines (other than the trial date, which will be vacated consistent with General Order No. 72-3) remain in effect.

**IT IS SO ORDERED.**

Dated: 5/27/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge