UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE TOY ASBESTOS

Case No. 19-cv-00325-HSG

**ORDER GRANTING MOTIONS TO EXCLUDE TESTIMONY OF CAPTAIN FRANCIS BURGER**

Re: Dkt. Nos. 440, 451

Pending before the Court are the motions to exclude the testimony of Captain Francis Burger, Ret., filed by Defendants Warren Pumps, LLC and Armstrong International, Inc. Dkt. Nos. 440, 451. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **GRANTS** the motions.

I.  **BACKGROUND**

Plaintiffs Agnes Toy and Thomas Toy, Jr. initially filed this action in Alameda Superior Court against over forty Defendants, alleging that Thomas H. Toy, Sr. developed malignant mesothelioma and later died from exposure to asbestos-containing products or equipment that Defendants either manufactured or supplied. *See* Dkt. No. 1-1. Defendants removed this action to federal court, Dkt. No. 1, and Plaintiffs filed a second amended complaint on July 22, 2019, Dkt. No. 247 ("SAC").

As relevant to these motions, Plaintiffs allege that Mr. Toy was exposed to asbestos from pumps supplied by Defendant Warren and steam traps and strainers supplied by Defendant Armstrong. *See id.* at ¶¶ 5–6. Plaintiffs served an expert report from Captain Burger, who offers opinions regarding exposure to asbestos-containing materials aboard Navy ships and in shipyards.

*See* Dkt. No. 451-1, Ex. C ("Burger Report"). Captain Burger is a former Naval Engineering officer and Project Manager in Marine Engineering. *See id.* at 1. He also served in the United States Navy as a Line Officer and an engineer aboard Navy vessels between 1956 and 1964, and in the United States Naval Reserve as an Engineering Duty Officer from 1954 to 1985. *Id.* Captain Burger states that because of his work history and military service, he has "obtained extensive experience evaluating and considering the potential for exposure to asbestos encountered by naval personnel and shipyard workers in connection with work with a variety of equipment and products used in marine engineering spaces and settings, including aboard United States Navy ships." *See id.* at 2. Based on this experience, Captain Burger offers opinions regarding product design and military specifications on board naval vessels. *See id.* at 3–7. He also offers opinions regarding Mr. Toy's "potential for, as well as actual exposure to asbestos through his work aboard Naval Vessels." *Id.* at 8.

Captain Burger opines that Mr. Toy worked on and around various types of equipment, including products manufactured by Defendants Warren and Armstrong. *See* Burger Report at 9. Captain Burger asserts that Mr. Toy's work included "work with gaskets associated with Armstrong International steam traps" and "packing and/or gaskets associated with Warren Pumps . . . ." *See id.* Defendants now challenge Captain Burger's report and anticipated testimony to the extent he opines that Mr. Toy worked on or around any Warren or Armstrong products while aboard any Navy vessel. *See* Dkt. Nos. 440, 451.

**II. LEGAL STANDARD**

Federal Rule of Evidence 702 allows a qualified expert to testify "in the form of an opinion or otherwise" where:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Expert testimony is admissible under Rule 702 if the expert is qualified and if the testimony is both relevant and reliable. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S.

2

1    579, 597 (1993); *see also Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1015 (9th

2    Cir. 2004). Rule 702 "contemplates a *broad conception* of expert qualifications." *Hangarter*, 373

3    F.3d at 1018 (emphasis in original).

4          Courts consider a purported expert's knowledge, skill, experience, training, and education

5    in the subject matter of his asserted expertise. *United States v. Hankey*, 203 F.3d 1160, 1168 (9th

6    Cir. 2000); *see also* Fed. R. Evid. 702. Relevance, in turn "means that the evidence will assist the

7    trier of fact to understand or determine a fact in issue." *Cooper v. Brown*, 510 F.3d 870, 942 (9th

8    Cir. 2007); *see also Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010) ("The requirement that

9    the opinion testimony assist the trier of fact goes primarily to relevance.") (quotation omitted).

10   Under the reliability requirement, the expert testimony must "ha[ve] a reliable basis in the

11   knowledge and experience of the relevant discipline." *Primiano*, 598 F.3d at 565. To ensure

12   reliability, the Court "assess[es] the [expert's] reasoning or methodology, using as appropriate

13   such criteria as testability, publication in peer reviewed literature, and general acceptance." *Id.* at

14   564.

## III. DISCUSSION

16         Defendants contend that Captain Burger should not be allowed to offer any opinion

17   regarding the products to which Mr. Toy would have been exposed or with which he would have

18   worked while aboard any Navy vessel. *See* Dkt. Nos. 440, 451. More specifically, Defendant

19   Warren points out that Mr. Toy admitted during his deposition testimony that he did not work on

20   any internal components of Warren pumps. *See* Dkt. No. 440 (citing Dkt. No. 440-4, Ex. C at

21   42:16–43:7 and Dkt. No. 440-5, Ex. D at 450:15–22). Defendant Armstrong similarly contends

22   that there is no evidence that Mr. Toy worked on any Armstrong steam trap while aboard a

23   military ship or vessel. *See* Dkt. No. 451 at 6–7. And although Mr. Toy testified that he removed

24   and replaced Armstrong steam traps while working inside buildings at Treasure Island Naval

25   Station, Dkt. No. 451-1, Ex. A at 744:18-19, 745:20-22, 746:15-747:2, Defendant Armstrong

26   argues that Captain Burger concedes that he does not have any expertise in land-based steam

27   systems, Dkt. No. 451 at 7–8. Captain Burger's expert report, however, opines that Mr. Toy's job

28   duties while aboard naval ships would require him to work on and around Warren Pumps and

Armstrong steam traps.  *See* Burger Report at 9, 11.  These opinions, Defendants urge, are directly contradicted by Mr. Toy's own deposition testimony, and not otherwise supported by any evidence.

In response, Plaintiffs urge that both motions should both be denied as "moot and unnecessary" because they do not intend to use Captain Burger to offer such testimony.  *See* Dkt. No. 490 at 2–3.  Plaintiffs do not, however, entirely disavow the possibility that Captain Burger will offer some testimony regarding Mr. Toy's possible exposure to Defendants' products.  Federal Rule of Evidence 702 requires that an expert's testimony be "based on sufficient facts or data."  Fed. R. Civ. P. 702(b).  There is no evidence in the record before the Court or in Captain Burger's expert report to suggest that Captain Burger worked with Mr. Toy or otherwise has knowledge about the specific products with which Mr. Toy worked, outside of what is described in Mr. Toy's own deposition testimony.  Captain Burger even acknowledged during his deposition that he did not have any information that Armstrong products were on any of the ships that Mr. Toy worked on.  *See* Dkt. No. 451-1, Ex. D at 151:12–152:1, 157:11–158:7.  The Court thus concludes that such testimony would be speculative.  *Accord MacQueen v. Warren Pumps LLC*, 246 F. Supp. 3d 1004, 1015–18 (D. Del. 2017); *Yaw v. Air & Liquid Sys. Corp.*, No. C18-5405 BHS, 2019 WL 3891792, at *3 (W.D. Wash. Aug. 19, 2019).  Captain Burger therefore may not testify that Mr. Toy worked on or around any specific manufacturer or supplier's products.

In response to Defendants' motions, Plaintiffs suggest that Captain Burger is nevertheless qualified and will testify regarding "typical work practices involving steam traps," including "the process for removal and replacement of asbestos-containing gaskets."  Dkt. No. 490 at 3.  Plaintiffs suggest—without providing any support for the contention—that there is no difference in shipboard versus land-based steam traps.  *Id.*  However, Captain Burger acknowledged during his deposition that he is "not an expert on land-based steam systems," Dkt. No. 451-1, Ex. D at 161:15–21, and his report does not address land-based steam systems.  *See generally* Burger Report.  When asked whether the process for installing a steam trap in a building on Treasure Island may differ from installation aboard a ship, Captain Burger stated, "I don't know that to be a fact."  Dkt. No. 451-1, Ex. D at 160:22–161:14.  Plaintiffs offer no support for their conclusion

that Captain Burger is nonetheless qualified to offer testimony regarding land-based steam traps. Plaintiffs bear the burden of establishing that their expert is qualified, and have failed to do so here.  *See Lust By & Through Lust v. Merrell Dow Pharm., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996).

## IV. CONCLUSION

Accordingly, the Court **GRANTS** the motions to exclude.  Dkt. Nos. 440, 451.  Captain Burger may not testify that Mr. Toy worked on or around specific manufacturers' or suppliers' products—including Warren pumps or Armstrong steam traps.  Nor may he offer testimony regarding land-based steam traps.

**IT IS SO ORDERED.**

Dated:  3/31/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge